**FULTON v. HOAGE, Deputy Commissioner, et al.**

**No. 6284.**

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1935.

Decided March 11, 1935.

Edw. D. Hays, of Washington, D. C., for appellant.

James E. McCabe, L. C. Garnett, and H. L. Underwood, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Supreme Court of the District of Columbia dismissing a bill of complaint filed in that court by the appellant. The appellant will be referred to herein as the plaintiff, and the appellees as defendants.

The case arises upon a claim for compensation filed by the plaintiff under the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424, 33 USCA §§ 901–950 [made applicable to the District of Columbia, 45 Stat. 600, D. C. Code 1929, tit. 19, c. 2, §§ 11, 12]).

It appears that the plaintiff is an unmarried woman 65 years of age, and that for a long time she was employed by the defendant, Garfield Memorial Hospital, as a housekeeper. She received as compensation for her services $100 per month, and her room, board, and laundry accommodations, and also hospitalization in case of sickness. On August 11, 1931, while she was engaged in the performance of her duties at the hospital, she fell upon a newly waxed floor and her right breast and left leg were bruised by the fall. She reported her injury to the superintendent of the hospital at the time of her fall, but did not then file a claim for compensation under the Employees' Compensation Act. On November 4, 1931, she was examined by a physician in charge at the hospital, who reported that a malignant growth in the nature of cancer had set up in her right breast. On November 25, 1931, a day more than 30 days after her fall, but less than 30 days after her discovery of the cancerous growth in her breast, she gave the hospital notice of her condition, both verbally and by a written report on a blank form furnished her by the hospital for that purpose. She told the superintendent that she thought the matter should be reported,

and that she thought that she was entitled to something for her injury.

From November 31, 1931, to May 18, 1933, plaintiff continued to perform her services as housekeeper at the hospital, all of which time she received hospital service, medicine, surgery, and X-ray treatments for the cancerous growth upon her breast. She was regularly paid during this period semimonthly installments of the same amounts as she had previously been receiving; and in the month of May, 1933, plaintiff ceased to be employed by the hospital and the payments stopped.

On December 6, 1933, a date within a year from the time these payments ceased, but more than a year after the discovery and report of her condition to the hospital, plaintiff filed with the Deputy Commissioner a claim for compensation for her injury, which she described as an "occupational disease," caused by the accident which occurred on April 11, 1931.

The claim was heard by the Deputy Commissioner upon testimony, and on March 14, 1934, a compensation order was entered by the Deputy Commissioner rejecting plaintiff's claim.

The Deputy Commissioner stated the following reasons for the rejection: (1) That the claimant failed to establish by evidence that notice of injury was given within 30 days, or that the employer had knowledge of the same within 30 days as required by section 12 of the act, 33 USCA § 912; (2) that the claimant failed to file her claim within one year from the date of the alleged injury as provided by section 13 of the act (33 USCA § 913), and failed to establish that she was estopped by any action of the employer from filing her claim within one year, and failed to prove that the claim was filed within one year from the date of the last payment of compensation; (3) that the claimant failed to establish by evidence that the condition described as cancer of the breast was caused by, activated by, or aggravated by an accidental injury, or that it was a result of an occupational disease or infection which arose naturally out of her employment, or naturally or unavoidably resulted from an accidental injury within the meaning of the Compensation Act.

Plaintiff thereupon filed a bill of complaint in the Supreme Court of the District of Columbia against the deputy commissioner praying that a mandatory injunction be issued to compel him to set aside his order rejecting plaintiff's claim. The Garfield Memorial Hospital, as employer, and the Ocean Accident & Guarantee Corporation, Limited, as insurance carrier, were allowed to intervene in the case. Each filed a motion to dismiss the plaintiff's bill of complaint, and these motions were considered and sustained by the court and the bill was dismissed. Whereupon, the present appeal was taken.

■ We are of the opinion that the first ground stated by the Deputy Commissioner in his decision as a basis for rejecting the claim of the plaintiff must be sustained. Paragraph 12 of the Compensation Act provides that notice of an injury in respect of which compensation is payable under the statute shall be given within 30 days after the date of such injury (1) to the Deputy Commissioner, (2) to the employer; that such notice shall be in writing, shall contain the name and address of the employee, and a statement of the time, place, nature, or cause of injury, and shall be filed by the employee, or by some person on his behalf; that the notice shall be given to the Deputy Commissioner by delivering it to him or by sending it by mail addressed to his office, and to the employer by delivering it to him or by sending it by mail addressed to him at his last known place of business; provided, nevertheless, that failure to give such notice shall not bar any claim under the act (1) if the employer or the carrier had knowledge of the injury and the Deputy Commissioner determines that the employer or carrier has not been prejudiced by a failure to give such notice, or (2) if the Deputy Commissioner excuses such failure on the ground that the notice could not be given, or if no exception is raised before the Deputy Commissioner at the first hearing of such claim.

The record discloses that such a notice as that above required was not served upon the Deputy Commissioner within 30 days after the injury; and it does not appear that the Deputy Commissioner determined that the employer or carrier had not been prejudiced by failure to give such a notice, nor that a satisfactory reason for the failure to give such notice could be given. Moreover, it appears that exception for the failure to give the notice required by section 12 of the act (33 USCA § 912) was raised by the defendants before the Deputy Commissioner at the first hearing of the claim for compensation in the present case.

■ We are of the opinion also that the second ground stated by the Deputy Commis-

sioner as a basis for his ruling is sustained by the record. It is provided by section 13 of the act (33 USCA § 913) that the right to compensation for disability under the act shall be barred unless a claim therefor is filed with the Deputy Commissioner within one year after the injury, except that if payment of compensation has been made by the employer without an award on account of such injury, a claim may be filed within one year after the date of the last payment of such compensation. It is claimed by plaintiff that she received payment of compensation from the hospital without an award on account of her injury, continuing from the date of the injury until May, 1933, and that her claim was filed in December, 1933, and therefore was within one year after the date of the last payment of compensation.

It appears from the record that after the injury the plaintiff continued in the employment of the hospital, performing her regular duties so far as she was able, and continued to receive the same rate of pay as she had been receiving from her services before the injury. It is claimed by plaintiff that these payments were compensation under the act for her injury, and not compensation for her services as housekeeper. This is denied by the defendants, and the Deputy Commissioner found against plaintiff's claim. Dr. Eiseman, superintendent of the hospital, testified, in substance, that the plaintiff before her injury was employed as housekeeper at a salary of $100 per month with room and board and hospitalization when sick, and that this rate of pay continued until she left her position as housekeeper in May, 1933, except that her wages were reduced by 10 per cent. at the same time that such a reduction was made in the wages of other employees of the hospital; that the status of these payments was never changed by any agreement with the plaintiff; that the hospital never had any other arrangement of any sort with her or any other agreement with her from the time she first came there until she quit in May; that the first time that he knew that she was planning to file a claim for compensation as a result of the injury was after she had left the service of the hospital; and that, accordingly, he did not controvert her claim within a period of 14 days or within any other period, because there was then "no claim to controvert."

The circumstances surrounding the transaction strongly support the claim of the hospital that the payments made to the plaintiff after her injury, as before, and up to the time she left its service, were made as wages for her service as a housekeeper and were not understood at the time by either the hospital or the plaintiff to be compensation voluntarily paid by the hospital because of the injury sustained by plaintiff. The testimony, which is too long to be incorporated in this opinion when fully considered leads to that conclusion.

In section 14 of the act (33 USCA § 914) it is provided that if the employer controverts the right to compensation he shall file with the Deputy Commissioner on or before the fourteenth day after he has knowledge of the alleged injury a notice in accordance with the form prescribed by the Commissioner stating that the right to compensation is controverted, giving the name of the claimant, the name of the employer, the date of the injury, and the grounds on which the injury is controverted. It is conceded that the employer in this case did not file such a notice as is required by the foregoing paragraph. The superintendent of the hospital explains this by saying that he could not file a notice controverting the plaintiff's claim, inasmuch as he did not know of any such claim to controvert. It is contended by plaintiff's counsel that the failure to file such notice forecloses the defendants from making any defense against plaintiff's claim, and establishes the claim as a "vested right" to compensation in the plaintiff. We cannot sustain this contention, for in our opinion the plaintiff nevertheless was bound to file her claim for compensation within a year after the date of her injury as required by section 13, supra. In view of our conclusions respecting the first and second grounds of the Deputy Commissioner's findings we do not consider it necessary to review the third ground.

It is well established that the findings of the Deputy Commissioner upon the facts in such a case are final and conclusive when supported by competent evidence. The act does not authorize the court to reweigh the evidence when more than one inference can be drawn for the purpose of arriving at a different conclusion from the Deputy Commissioner. Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598; Voehl v. Indemnity Ins. Co., 288 U. S. 162, 53 S. Ct. 380, 77 L. Ed. 676, 87 A. L. R. 245; Powell v. Hoage, 61 App. D. C. 99, 57 F.(2d) 766; New Amsterdam Casualty Co. v. Hoage, 61 App. D. C. 306, 62 F.(2d) 468; Hoage v.

Employers' Liability Assurance Corporation, 62 App. D. C. 77, 64 F.(2d) 715.

Inasmuch, therefore, as we find the first and second grounds of the Deputy Commissioner's decision to be sustained by competent evidence, we agree with the decision of the lower court sustaining the same. Its decision must be, and hereby is, affirmed.