156

PACIFIC EMPLOYERS' INS. CO. et al. v.
PILLSBURY et al.
No. 3905.

District Court, N. D. California, S. D.
March 20, 1936.

W. N. Mullen, of San Francisco, Cal., for plaintiffs.

H. H. McPike, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal., for defendant Warren H. Pillsbury.

ROCHE, District Judge.

This is a bill in equity by an employer and its insurance carrier to set aside an award of $1,000 in favor of the United States Treasurer made by Warren H. Pillsbury as deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.). The defendant Pillsbury has moved to dismiss the bill of complaint.

Merton, a longshoreman, fell through the hatch of a ship and was killed, June 24, 1934. On July 23, 1934, the deputy commissioner gave notice that a hearing called on his own initiative would be held to ascertain "whether deceased left any person dependent upon him for support." The hearing occurred on August 3, 1934. On May 17, 1935, the deputy commissioner gave a notice of further hearing "to take up the question of burial expenses and the payment of $1,000 to the Treasurer of the United States." That hearing took place May 27, 1935. The evidence at the hearings satisfactorily established that the death took place on navigable waters of the United States, within the scope of employment while Merton was working as a longshoreman for one of the plaintiffs, and that he had no dependents. In the interval between the two hearings plaintiffs voluntarily paid $191 to the deceased's sister to cover funeral expenses. No claim for compensation was ever filed in this case.

On June 25, 1935, the deputy commissioner found the fact of death arising out of employment as a longshoreman upon the navigable waters of the United States. He then made a determination that there were no persons dependent upon the deceased within the terms of the act, and ordered the employer and insurance carrier to pay $1,000 to the United States Treasurer. That order is the subject of this suit.

Three issues are presented: (1) Was the determination of the deputy commissioner that there were no dependents within his powers; (2) was the order to pay $1,000 to the United States Treasurer within his powers; (3) and if the order was valid, what is the proper mode of enforcing it?

Plaintiffs advance two arguments: (1) The provision of section 44 (c) (1) of the act (33 U.S.C.A. § 944 (c) (1) directing employers to pay $1,000 to the United States Treasurer when a longshoreman dies leaving no dependents, to be used in a special rehabilitation fund, is ineffectual and unconstitutional because it gives the deputy commissioner no jurisdiction to determine if the $1,000 is due, and because it fails to provide a means for enforcing payment of the sum; (2) assuming the first proposition to be erroneous, still this particular order is invalid because no claim was ever filed with the deputy commissioner and he therefore had no jurisdiction to act.

### Is the $1,000 provision ineffectual and unconstitutional?

The plaintiffs concede that Congress had both the power and the intent to accomplish the ends sought to be obtained in section 44 (c) (1), but argue that in this instance Congress has failed to provide a method for effectuating that intent and power. This is the first occasion the section's constitutionality has been attacked in this novel manner.

■ It is a logical and unstrained conclusion, however, that section 44 (c) (1) is valid. The section expressly provides that payments shall be predicated upon "determination" by the deputy commissioner of the necessary facts. Thus it cannot be doubted that he has the power to make a determination of whether or not a deceased had any dependents entitled to receive compensation.

■ And the act seems as explicit upon the right to make an order to carry the determination into effect. Section 2 (12), 33 U.S.C.A. § 902 (12), defines compensation: " 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this Act [chapter], and includes funeral benefits provided therein."

In turn, section 44 (c) (1) establishes the special fund and states: "Each employer shall pay $1,000 as compensation for the death of an employee * * * where * * * there is no person entitled * * * to compensation."

It is immaterial whether or not section 44 (c) (1) is included within section 2 (12) under the clause "as provided for in this chapter." Regardless of whether it is, it is clearly labeled compensation by its own terms. Even if section 2 (12) is interpreted so as not to include section 44 (c) (1), it deals with a general definition of compensation and would be modified by section 44 (c) (1) which is concerned with a more particular phase of it, under the well-established rule that statutes of a general nature must give way before those pertaining to precise and particular phases of the same subject-matter.

■ Furthermore, there is nothing apparent in section 44 (c) (1) or its policy that would substantiate plaintiffs' claim that it provides for a penalty, and refutes a conclusion that the $1,000 is anything other than the compensation the section terms it. See section 8 (f, g), 33 U.S.C.A. § 908 (f, g), for the uses to which the $1,000 is put. Being "compensation," the deputy commissioner, under his general grant of jurisdiction and administrative power, has authority to make orders to enforce his determination, and plaintiffs' contention that there is no authority in the act for the deputy commissioner to make such an order must be overruled.

■ Attention must now be turned to plaintiffs' next theory, that the act has no means of enforcing the order even if it could be made. The deputy commissioner has argued that any consideration of the mode of enforcing the order would be premature inasmuch as no steps have yet been taken to execute it. The contention seems unsound. The value of injunctive proceedings lies a great deal in the ability to invoke them before a threatened wrong is accomplished. The efficacy of the equitable remedy on appeal given by section 21 (b), 33 U.S.C.A. § 921 (b) would be greatly impaired if the court refused to consider the possible modes of enforcing the order, for the order has been made and it is the duty of those in authority to carry it into effect. Adopting the deputy commissioner's view would lead to a multiplicity of suits—this one to determine the validity of the determination and order, and a future one to rule on the method of enforcing the order. The principles of equity are not compatible with such a result. The question of enforcement is interwoven with the other issues involved, and this court sitting in equity having jurisdiction of those other issues, it will assume jurisdiction of all the questions involved and dispose of them in one action. Jordan v. Roden (C.C.A.) *292 F. 573, 580.*

■ Once having found the award to be compensation and within the jurisdiction granted the deputy commissioner, it naturally follows the award is enforceable like any other compensation award or order. Section 21 (c), 33 U.S.C.A. § 921 (c) provides: "If any employer * * * fails to comply with a compensation order * * * any beneficiary * * * or the deputy commissioner * * * may apply for the enforcement of the order to the Federal district court."

And that method is exclusive according to the mandate of section 21 (d), 33 U.S.C.A. § 921 (d): "Proceedings for * * * enforcing a compensation order * * * shall not be instituted otherwise than as provided in this section."

Accordingly, either the deputy commissioner or the United States Treasurer is entitled to enforce the order under the terms of section 21 (c). Section 44 (g), 33 U.S.C.A. § 944 (g), states that penalties are enforceable by civil suits, but is inapplicable here, where the award is compensation.

Plaintiffs rely on the case of Lake Washington Shipyards v. Brueggeman, 56

F.(2d) 655, in which the District Court for the Western District of Washington said: "If any attempt be made to enforce payment into the special fund (and none is alleged threatened), it must be by action at law brought, not by defendants, but by the United States or its Treasurer."

The employer had sought to set aside the deputy commissioner's determination of no dependents, but the equitable suit was dismissed for want of equity because (1) it was not a statutory appeal as provided by section 21 (b), 33 U.S.C.A. § 921 (b), because it was an appeal from a determination of no dependents, and not from an order to pay $1,000; and (2) considered as an independent suit in equity, no order had been made to pay $1,000, nor had any other steps been taken to enforce payment, and if execution of the order was sought, the defenses relied on by the plaintiffs of nonmaritime employment and application of the State's Workmen's Compensation Act (St.1917, p. 831, as amended), went to the jurisdiction of the deputy commissioner and could be interposed as a defense to any suit he might bring upon his determination and any order issued as a result of such determination. The case is readily distinguishable from the present one. And it is to be noticed that the Brueggeman opinion gave practically no consideration to the question of whether the $1,000 amount payable under section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1), was a penalty or compensation.

Did the deputy commissioner have jurisdiction in this particular case?

1. It was not necessary for the United States Treasurer to file a claim.

█ Assuming (but not conceding) that the deputy commissioner had jurisdiction of the case as a whole, plaintiffs argue that he had not the further power to award $1,000 to the United States Treasurer unless the latter filed a claim. The argument appears fallacious. Section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1) says that: "Each employer shall pay $1,000 * * * where the deputy commissioner determines that there is no person entitled * * * to compensation."

The only requirement of the section is that the deputy commissioner shall determine the fact that no one is entitled to compensation. Upon so doing, the employer shall pay. That mandatorily establishes the duty to pay. Nowhere in the section is there any statement, nor can it be reasonably inferred, that it is necessary for the treasurer to file a claim, other facts being favorable to jurisdiction. To adopt plaintiffs' view would be, in effect, reading section 13 (a) of the act (33 U.S.C.A. § 913 (a) into section 44 (33 U.S.C.A. § 944). But an examination of section 13 (a) leads to the conclusion that it is applicable only to the type of compensation mentioned in section 8 (as amended by Act May 24, 1934) and section 9 (33 U.S.C.A. §§ 908, 909).

2. The United States Treasurer's claim is not barred by the statute of limitations.

█ If it is unnecessary for the Treasurer to file a claim, it is evident that the statute of limitations of the act, section 13 (a), cannot be invoked against him, although plaintiffs contend to the contrary. But aside from this, probably the statute would be inapplicable as the Treasurer acts on behalf of the United States. It was said in Schodde v. United States (C.C.A.) 69 F.(2d) 866, 870: "The sovereign is not bound by a statute of limitation unless it is so indicated by statute."

Certainly no such indication appears in the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.).

3. No claim need be filed in order to give the deputy commissioner jurisdiction to act and to award the $1,000.

Plaintiffs interpret the law to be that the deputy commissioner could not act in this case unless some one first filed a claim. At the outset it must be remembered that: (1) Congress intended employers to contribute $1,000 to the special fund each time an employee was killed under certain circumstances; (2) Congress has the power to carry such an intention into effect, Sheehan Co. v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056; Staten Island R. Co. v. Phœnix Indemnity Co., 281 U.S. 98, 99, 107, 50 S.Ct. 242, 74 L.Ed. 726; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Harper v. Parker (D.C.) 9 F.Supp. 744; and (3) it would indeed be illogical to say that in order to make an award which would be due because there was no one entitled to file a claim, some one (who had no right to do so)

must first file a claim to give the deputy commissioner jurisdiction.

■ Turning again to section 44 (c) (1), it is found that the employer's liability is predicated upon a determination of the deputy commissioner that there is no one entitled to compensation, in other words, the deceased left no dependents. Because no one is entitled to make a claim, the determination implies one upon the deputy commissioner's own initiative without the necessity of a claim being filed. Concededly the deputy commissioner has only limited jurisdiction, and presumptions cannot be indulged in to extend its scope. The act must be examined and he may not exercise any authority not given him therein, regardless of Congress' intent or power to give it. Does that principle, however, bar all implied powers?

■ In discussing the Massachusetts Workmen's Compensation Act, the state court said in Case of Levangie, 228 Mass. 213, 117 N.E. 200, 201: "The Industrial Accident Board is not a court of general or limited common-law jurisdiction * * * it is purely and solely an administrative tribunal * * * and as such possesses only such authority and powers as have been conferred upon it by express grant or arise therefrom by implication as necessary and incidental to the full exercise of the granted powers."

The latter portion of the quotation shows that all implied powers are not barred. The deputy commissioner, having the power to hear and determine the liability of the employer as to the $1,000— it is a necessary implication for the reasons above stated that he can hold such hearings on his own motion, as indicated by the Levangie Case. Such a holding is in harmony with the rule that calls for a liberal construction and interpretation of the act. See Pacific Employers' Ins. Co. v. Pillsbury, 61 F.(2d) 101 (C.C. A.9).

While the deputy commissioner is little more than an administrator, still he must be allowed to exercise such power as will permit an efficient administration of the act and an adherence to the intent of Congress.

■ In calling the court's attention to section 14 (h) of the act, 33 U.S.C.A. § 914 (h), which sets forth the instances in which the deputy commissioner may call hearings on his own initiative, the plaintiffs maintain that hearings in regard to liability under section 44 (c) (1) are not included. Without deciding whether the contention is meritorious, a sufficient reply is that section 14 (h), 33 U.S.C.A. § 914 (h), does not purport to be exclusive. It grants the right expressly in certain situations; section 44 (c) (1) grants it impliedly in another.

Plaintiffs cite a number of state decisions, all of which are so readily distinguishable as to deserve no comment, except Commercial Cas. Ins. Co. v. Ind. Acc. Commission, 211 Cal. 210, 295 P. 11, which dealt with a similar provision of the California Workmen's Compensation Act. However, the question there was not whether a proper procedure had been provided (for concededly there had been), but whether under the California Constitution the Legislature could provide such a procedure. It was held it could not. In this case, the power of Congress is not disputed.

It is argued that the case of Fulton v. Hoage, 64 App.D.C. 232, 77 F.(2d) 110, is controlling as to the necessity of a claim being filed to give the deputy commissioner jurisdiction. That is true as to ordinary claimants—the employee or his dependents—in cases where the liability is controverted, but it has no application to awards made under section 44 (c) (1). The conclusion reached above, that by implied power necessary to effectuate an expressly granted one, the deputy commissioner can call hearings on his own motion, disposes of the Fulton Case.

Having settled this controversy on the foregoing grounds, it will be unnecessary to consider another phase of the case, namely, whether by making a payment of $191 to the deceased's sister in payment of funeral expenses, and whether by writing a letter to the deputy commissioner at the beginning of the case stating that the employer disclaimed all liability and controverted any right to compensation, the employer brought itself within section 14 (h) so that the deputy commissioner could call a hearing on his own initiative.

Inasmuch as to proceedings under section 44 (c) (1), the deputy commissioner may call hearings on his own motion without claims being filed, and as the determination and order were valid and enforceable under the act, the complaint will be dismissed.