### WELLGENG v. MARSHALL, Deputy Commissioner of United States Employees' Compensation Commission No. 14.

District Court, W. D. Washington, N. D. May 7, 1929.

No. 663.

W. G. Beardslee, of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for defendant.

On Motion to Dismiss.

NETERER, District Judge. This is a proceeding to suspend an order reducing the compensation order under section 921, title 33 USCA, brought by the plaintiff against the deputy commissioner of the United States Employees' Compensation Commission, District No. 14. The employer and the insurance company appeared specially and challenged the court's jurisdiction because they were not made parties to the proceeding. The court, without examining the provisions of the act, out of an abundance of precaution, directed that the parties be cited to appear at a stated time and show cause why the prayer of the complaint should not be granted. Now the brought-in parties appear specially and move to dismiss because the action was not commenced as against them within 30 days.

The motion to dismiss the action is not well taken. The order requiring the moving parties to be brought in was erroneously entered. The employer and the insurance company are not necessary parties. This is a statutory proceeding which must be strictly pursued. Section 921, title 33 USCA, plainly provides that the action shall be "brought by any party in interest *against the Deputy Commissioner making the order.*" (Italics supplied.) The action against the deputy commissioner having been timely commenced, the motion to dismiss is denied.

Does the record support the order of February 6, 1929, reducing the compensation that was granted directing the insurance company to pay the plaintiff $17.41 per week en-

tered on the 1st day of December, 1928, to $7.41 per week?

The findings of fact entered on the 1st day of December, 1928, are:

"That on the 23rd day of December, 1927 * * * insured * * * claimant * * * sustained personal injury resulting in his disability while he was employed as a longshoreman on board the steamship 'Cape Cornwall' * * *; that claimant * * * was struck by two pieces of timber which fell from a load of timbers being lowered into the hold of said steamship; * * * that the employer furnished claimant medical treatment, etc., in accordance with section 7(a) of said act (33 USCA § 907(a); that the average annual earnings of said claimant * * * at the time * * * amounted to $1,357.96; that as a result * * * claimant was wholly disabled from December 23, 1927, to November 20, 1928, and is entitled to 47.5 weeks compensation, $17.41 per week for such disability; that a condition of partial disability existed at the date of hearing, November 21, 1928; that the employer has paid $766.04 to claimant as compensation." Upon the foregoing facts the Deputy Commissioner makes the following award:

"That the employer * * * and insurance carrier * * * shall pay the claimant compensation as follows: 44⁵⁄₇ weeks at $17.41, amounting to $830.70, covering the period from December 23, 1927, to November 20, 1928, inclusive; that the carrier shall have credit for $766.04 previously paid to the claimant heretofore as compensation; that $64.66 is now due and payable to the claimant; that additional compensation shall be paid to claimant until the termination of his disability or the further order of the Deputy Commissioner, together with such medical, surgical, and hospital treatment as may be appropriate to the further treatment and cure of his disability. * * *"

On February 6 the following findings were made:

"That claimant above named * * * has been partially disabled since November 21, 1928, and that such disability continued at the time of the second hearing on January 24, 1929; that although the claimant was fully advised by the deputy commissioner at the time of the hearing on November 21, 1928, that it was necessary for him to establish a wage-earning rate, he had not secured work in the occupation of longshoring or in other employment at the date of the hearing on January 24, 1929; that claimant admitted, and the Deputy Commissioner finds, that he is able to perform work in other employments and that the present wage-earning capacity of said claimant is $15.00 per week; that from November 21, 1928, to January 24, 1929, claimant therefore has suffered a loss by reason of his injury equal to two-thirds of $11.12 per week, or $7.41 per week."

"Upon the foregoing facts the Deputy Commissioner makes the following supplemental award:

"That the employer * * * and insurance carrier * * * shall pay to the claimant compensation as follows: $7.41 per week from November 21, 1928, to January 24, 1929, inclusive, amounting to the sum of $68.81; * * * that compensation at the rate of $7.41 per week shall be paid by the employer and insurance carrier to the claimant during the continuance of said disability, or the further order of the Deputy Commissioner."

### On the Merits.

The testimony shows that the plaintiff suffered a fracture of the left ilium; the union is complete with no displacements. The plaintiff had been endeavoring to secure light work as a longshoreman, but was unable to do so. The heavy work he is unable to do because of the pain incident to the bending of his back. He also endeavored to obtain employment at a veneering plant at Olympia where the work would require him to stand and would not require any bending of the back to speak of, but was unable to do so. The veneering work was "soldering the veneer or something like that." It was on a table and would not require stooping over. The wages were $3.60 a day. He worked at home—worked a half a day and it would be several days before he got over it. He is 37 years old, and has been engaged, prior to his injury, in heavy, hard work, in logging camps "falling and bucking," in shingle mills, "helping loading scows and longshoring,"— steady work, practically, during the year.

The pain of which he complains, the doctor testifies, is "low down in the sacrum." The X-ray discloses an old arthritic condition of the back. The arthritic condition was "what probably aggravated it." The pain of which he complains is lower than the arthritic pain and "would have to be a sacroiliac condition or muscular condition," perhaps, sacroiliac, because relief was afforded by using a sacroiliac belt. No bony condition in the spine as the result of the accident has been found. The condition disclosed by the doctor in this last testimony is not different than on the former hearing "except that I think this

924

man has got his maximum improvement that he is going to get as a result of his accident, and to my notion I can see no reason why he cannot do certain forms of work. He complains of pain in the back. This man has not been using that back for over a year, and the question is, is this pain due to muscular exertion, just a natural muscle soreness, or is it a real disability? In my opinion this man should give that back a trial, because an examination or a picture of that back tells us nothing."

The hearing was adjourned to have a further examination of the plaintiff by Dr. Eickenbary at the request of the insurance company. The findings were to be made by the deputy commissioner within a reasonable time after the receipt of Dr. Eickenbary's report, but no report appears in the record.

There is no evidence in the record that would indicate such an improvement of the plaintiff from the condition as found by the deputy commissioner on the 1st day of December, 1928, that would indicate a gain of earning capacity from a loss of $17.41 per week to $7.41 per week, or a gain of $10 per week. The finding is clearly arbitrary and capricious.

Formal order suspending order entered February 6, 1929, may be presented on notice.