**MILLE v. McMANIGAL, Deputy Com'r.**

**No. 304.**

Circuit Court of Appeals, Second Circuit.

March 5, 1934.

John S. Allan, of Buffalo, N. Y., for appellant.

Justin C. Morgan, of Buffalo, N. Y., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

## PER CURIAM.

This is a petition for a mandamus to compel a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act (chapter 18, §§ 901–950, title 33 USCA), to hear an application to increase an award. The petitioner, a longshoreman, was injured during his employment, and the deputy commissioner granted him an award for a term which had already expired when it was granted. At that time his injuries were thought to be slight, but later they turned out to be much more severe. After the lapse of more than two years from the grant of the award, the plaintiff made an application under section 922 to have the award increased, which the deputy commissioner denied. The District Court dismissed the petition upon the merits; that is, on the ground that, the term of the award having ended, the jurisdiction of the deputy commissioner under section 922 also ended thirty days after the award became final. The plaintiff appealed.

If the petition be taken at its face as a petition for mandamus, the District Court had no jurisdiction, as we have recently decided. Amchanitzky v. Sinnott (Feb. 5, 1934) 69 F.(2d) 97. If it be treated as a bill in equity for a "mandatory" injunction under section 921 of title 33 USCA, then it was not filed in season. Section 921 (a) provides that a "compensation order" becomes "final" at the end of thirty days after it is filed unless proceedings under section 921 (b) have been begun meanwhile. We said in Twine v. Locke (Jan. 8, 1934) 68 F.(2d) 712, that this involved as a corollary that any suit under section 921 (b) must be begun within thirty days after the compensation order was filed, from which it was indeed no more than a kind of appeal. Here the deputy commissioner's order was filed on May 5, 1933, and the rule nisi for the writ was taken out on June 26, 1933, more than thirty days thereafter. If this be a bill in equity under section 921 (b), it was therefore too late. The District Court had no jurisdiction and should have dismissed the petition for that reason.

Decree reversed; cause remanded, with instructions to dismiss the petition for lack of jurisdiction.