**CAMPBELL v. LOWE, Deputy Commissioner, et al.**

No. 7409.

District Court, E. D. New York.

Jan. 23, 1935.

Julius J. Juskowitz, of New York City, for plaintiff.

Cullen & Dykman, of Brooklyn, N. Y. (Dimitri G. S. Eristoff, of Brooklyn, N. Y., of counsel), for defendant Robins Dry Dock & Repair Co.

MOSCOWITZ, District Judge.

This action was brought by the plaintiff on October 23, 1934, for a mandatory injunction pursuant to section 921 (b) of title 33, chapter 18, USCA, being section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act.

The claimant seeks to review an award made by Deputy Commissioner Jerome G. Locke on June 15, 1933, awarding the claimant $5,400 in full and final settlement of his claim.

Subdivision (a) of section 921 of title 33, USCA, provides as follows: "(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this chapter, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

The court is without jurisdiction of this action, for the reason that it was not brought within the 30-day period. Twine v. Locke (C. C. A.) 68 F.(2d) 712; Mille v. McManigal (C. C. A.) 69 F.(2d) 644.

The subpœna and bill of complaint were filed herein after the expiration of one year and four months since the date of the award sought to be reviewed herein and from the date of the mailing thereof.

The only claim made by the plaintiff is that the compensation order is "void ab initio," and that therefore the 30-day limitation imposed does not apply.

It appears without dispute that the Deputy Commissioner had jurisdiction of the parties and the subject-matter. However, it is contended by the plaintiff that the Deputy Commissioner exceeded his authority by making an order against plaintiff's consent. It appears from the order that the plaintiff and plaintiff's attorney were present at the hearing, and that the order was made with such consent upon a hearing duly had.

The Deputy Commissioner had jurisdiction of the subject-matter and the parties; therefore, plaintiff is not entitled to a review after the 30-day period. Even if the order was not made in accordance with the relevant provisions of the Longshoremen's and Harbor Workers' Compensation Act, such order is not void. If the Deputy Commissioner did not decide in accordance with law the plaintiff could have reviewed the order within the 30-day period. This he failed to do.

Motion to dismiss the bill of complaint granted.

Settle order on notice.