## DIDIER v. CRESCENT WHARF & WAREHOUSE CO. et al.
### No. 7413—Y.

District Court, S. D. California, C. D.
June 3, 1936.

Thomas F. McCue and Nathan Goldberg, both of Los Angeles, Cal., for petitioner.

F. Britton McConnell and Claude F. Weingand, both of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

An amended petition was filed on April 24, 1936, by Nellie E. Didier, as guardian, seeking to review the order of Warren H. Pillsbury, Deputy Commissioner of the United States Employees' Compensation Commission, which, on December 12, 1935, denied compensation to Claude Leonard Didier, a minor, by reason of the death, on July 23, 1934, of John Leonard Didier, claimed to be the minor's father, while employed as a longshoreman by the Crescent Wharf & Warehouse Company. A motion to dismiss with leave to amend was granted as to the original petition to which the Deputy Commissioner was not made a party. The employer and insurance carrier have moved to dismiss the amended petition upon the ground that the court has no jurisdiction to hear and determine the matter. The contention is grounded upon the proposition that the proceeding not having been commenced against the Deputy Commissioner within 30 days after the order was made, it has become final. The contention must be sustained.

Clause (a) of section 921, title 33, U.S. C.A., reads: "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this chapter, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

Clause (b) of section 921, title 33, U.S.C.A., reads in part: "If not in ac-

cordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District)."

Clause (d) of section 921, title 33, U.S.C.A., reads: "Proceedings for suspending, setting aside, or enforcing a compensation order, *whether rejecting a claim or making an award,* shall not be instituted otherwise than as provided in this section and section 918 of this chapter." (Italics added.)

■ While the proceeding before the Deputy Commissioner is against the employer, this proceeding seeks to review the order of the Deputy Commissioner. By the very terms of clause (b) of section 921, the action is "against the deputy commissioner making the order." He is a necessary party; in fact the *only* necessary party. The employer and insurance carrier are not. Wellgeng v. Marshall (D.C.Wash.1929) 32 F.(2d) 922; although they may be allowed, *after the action has been instituted against the Deputy Commissioner,* to intervene as parties having an interest in the matter. See United States Casualty Co. v. Taylor (C.C.A. 4, 1933) 64 F.(2d) 521.

■■ The action as to the Deputy Commissioner cannot be said to have been begun until he was made a party to the present proceeding by the amended petition. It is the rule in both federal and state courts that, for the purpose of computing, the statute of limitations, as to a party not named to an original pleading, the cause of action is begun with the filing of the amended pleading which first makes him a party. 37 Cor.Jur. 1066; United States v. Norris (C.C.A. 8, 1915) 222 F. 14; Ingram v. Department of Industrial Relations (1930) 208 Cal. 633, 284 P. 212; Union Tank & Pipe Co. v. Mammoth Oil Co., Ltd.(1933) 134 Cal.App. 229, 25 P. (2d) 262.

Clause (a) of section 921 establishes a period of limitation of 30 days within which any proceeding seeking to review a compensation order, whether the order grants compensation or (as we think) denies it, or whether the proceeding seeks to review the amount of the award at the be-

hest of the employee, employer, or insurance carrier. Twine v. Locke (C.C.A. 2, 1934) 68 F.(2d) 712; Mille v. McManigal (C.C.A. 2, 1934) 69 F.(2d) 644; Globe Stevedoring Co., Inc., v. Peters (D.C.Tex. 1931) 57 F.(2d) 256; Campbell v. Lowe (D.C.N.Y.1935) 10 F.Supp. 288; Associated Indemnity Corporation v. Marshall (C.C.A. 9, 1934) 71 F.(2d) 235; Wellgeng v. Marshall, supra.

■ It is the contention of the petitioner that the limitation applies only to an order which awards compensation and *not* to an order which denies it. We cannot agree with this contention. Rather are we of the view that the phrase "a compensation order" in clause (a) of section 921, title 33, U.S.C.A., means *any* order relating to compensation, whether granting it or denying it. Such an interpretation conforms to the general spirit of administrative law which seeks to make decisions of administrative bodies final, subject only to the right of review for absence or excess of jurisdiction. Administrative finality depends not upon any general principles of procedure, but upon the limitations contained in the particular act. The aim is always to make the administrative scheme complete in itself and to limit the time and scope for judicial review. Uniformly, when courts have been confronted with such limitations they have enforced them with strictness. Courts have thus interpreted strictly the time limitations upon the right to review decisions of collectors of customs in duty matters contained in our various tariff acts. See Louisville Pillow Co. v. United States (C.C.A. 6, 1906) 144 F. 386; United States v. Mexican International R. Co. (C.C.A. 5, 1907) 151 F. 545; United States v. Vitelli & Son (1914) 5 Ct.Cust.App. 151. On the application of these principles to administrative orders in general, see cases under heading "Jurisdictional Limitations And Administrative Finality" in Ernst Freund: "Cases on Administrative Law" (2 Ed. 1928) pp. 643–730.

■ The object of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, adopted in 1927, is to extend to the particular class of workers the benefit of workmen's compensation, which in the last 30 years has taken the place, in England, France, Germany, and various states of the United States, and in some branches subject to federal legislation, of the old haphazard system of deal-

ing with the problem of industrial accidents. These statutes seek to throw upon the industry the liability for injuries irrespective of fault, excluding, at times, willful negligence. For all cases of accidental injury or death arising out of or in the course of employment and occupational diseases or infections arising naturally out of such employment the particular statute provides (as do others in other fields of industry) a graduated system of compensation to be borne by the industry. See Pyrites Co., Inc., v. Davison Chemical Co. (D.C.Md.1933) 4 F.Supp. 294; Wheeling Corrugating Co. v. McManigal (C.C.A. 4, 1930) 41 F.(2d) 593, 595. Thus, Parker, Circuit Judge, speaking in Wheeling Corrugating Co. v. McManigal, supra, on the object of the statute: "Its purpose is to extend to the workers upon navigable waters of the United States, who cannot be reached by state legislation, the benefits of a compulsory system of compensation for disability or death resulting from injuries received in the course of their employment. This system of compensation is based, not upon ancient fictions of the law, but upon the principles of industrial insurance in application of the theory that industrial accidents, whether due to the negligence of the worker or not, are a hazard of the business; and that they should be borne, not by the individual worker, but by the industry in which he is engaged. Chief among the benefits of the act is that it eliminates the delay and expense incident to litigation."

The statute, therefore, extends to workers upon the navigable waters of the United States the benefits of these salutary laws which substitute for the uncertainties of the past where the worker, in case of accident, had to litigate with his employer the question of liability, the certainty that in case of accident he will be compensated according to a definite schedule. That certainty avails the employer also, for he, with the knowledge of his liability, is in a position to protect himself by insurance against the contingency of industrial accidents. The humaneness of these laws has been attested by the universality with which they have been adopted in all forward-looking commonwealths. And while at the time of their adoption, there may have been objections to them, it is doubtful if either the employer or employed groups would desire to replace their orderly certainty by the anarchic uncertainty of past methods.

In interpreting this statute, courts have construed it as a complete scheme aiming to achieve a specific result subject only to review, not in a *trial de novo,* but in a limited judicial review, upon the record made before the Deputy Commissioner, in order to determine whether his findings should be sustained. In applying this power of review, courts consider the Deputy Commissioner's findings of fact conclusive, if they are sustained by substantial evidence. Wheeling Corrugating Co. v. McManigal, supra. And just as the effectiveness of the entire scheme would be destroyed if, upon review, a trial de novo were had before the District Court, so would its effectiveness also be destroyed if we did away with the limitations upon the right to review contained in the statute. This interpretation finds support also in clause (d) of section 921, which provides specifically that no proceedings "for suspending, setting aside, or enforcing a compensation order, *whether rejecting a claim or making an award,"* shall be instituted except as provided in sections 921 and 918 (33 U.S.C.A.). Section 921 contains the 30-day limitation. Section 918 relates to the collection of default payments.

It is evident, therefore, that an interpretation which would place a limitation of time for review upon an order making an award and *not* upon an order denying an award, would go counter not only to the spirit of administrative law, but also to the very letter and spirit of the particular act. Under such an interpretation, an order of the Deputy Commissioner denying compensation would *never* become final. As though to avoid this, to us, inevitable and illogical conclusion, the petitioner contends that the limitation to be observed is the 1-year limitation contained in section 922 of 33 U.S.C.A., within which the Deputy Commissioner may modify awards made by him. But the object of this section is to retain jurisdiction in the Deputy Commissioner so as to enable him to modify an award in the light of the changed physical condition of the employee who has suffered an injury. See Atlantic Coast Shipping Co. v. Golubiewski (D.C.Md. 1934) 9 F.Supp. 315; McCormick S. S. Co. v. United States Employees' Compensation Commission (C.C.A. 9, 1933) 64 F.(2d) 84. It does not affect the finality of the order of the Deputy Commissioner after 30 days. Attempts by him to reserve jurisdiction beyond that date, *for other purposes,* have

been denied. See United Fruit Co. v. Pillsbury (D.C.Cal.1932) 55 F.(2d) 369. Similarly, courts have declined to cut off the limited power of modification contained in this section. Rothschild & Co. v. Marshall (D.C.Wash.1930) 56 F.(2d) 415. Certain it is, therefore, that this section, intended to reserve certain limited powers to the Deputy Commissioner after the expiration of the period which gives finality to his order, cannot, in the light of the history of the act, its scope, its direct provisions, and in the light of principles applicable to administrative bodies, be interpreted so as to extend the limitation upon the right of review by courts contained in clause (a) of section 921. It follows that the action is not timely against the Deputy Commissioner. See Wellgeng v. Marshall, supra. And as no cause of action is given against the employer or the insurance carrier, the proceeding, being barred against the Deputy Commissioner, is barred as to them also. The motion to dismiss the amended petition will, therefore, be granted without leave. Exception to the petitioner.