SWOFFORD et al. v. INTERNATIONAL
MERCANTILE MARINE CO.

No. 7535.

United States Court of Appeals for the
District of Columbia.

Decided May 20, 1940.

Z. Lewis Dalby, Ward E. Boote, and Chas. T. Branham, United States Employees' Compensation Commission, all of Washington, D. C., for appellants Commissioners.

David A. Pine, U. S. Atty., and John L. Laskey, Asst. U. S. Atty., both of Washington, D. C., for appellant Julian.

Edwin A. Swingle and Ernest A. Swingle, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a judgment of the District Court directing the defendants (appellants here) to pay the International Mercantile Marine Company the sum of $1,000.

The relevant facts are as follows: On April 8, 1929 an employee of the company was killed on navigable waters of the United States near New York City while in the line of duty, apparently through the negligence of a third party. The accident was covered by the Longshoremen's and Harbor Workers' Compensation Act,[1] and thereunder it was provided that his surviving widow might elect to receive compensation or pursue her remedy against the third party wrongdoer.[2] She elected the latter and received in a compromise settlement, two months after the death of her husband, considerably. more than she could have secured under the Act.

The Act provides that:[3] "Each employer shall pay $1,000 [into a special fund set up under § 44 for the rehabilitation of incapacitated workmen] as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this Act [chapter] to compensation for such death." Section 44(c) (1). Pursuant to this provision the Deputy Commissioner made an investigation and on April 14, 1932, issued an order dispatched to the company, reciting in substance the above and concluding as follows: "Order 1. That the defendant, The International Mercantile Marine Company and Subsidiaries, pay to the United States Treasurer, the sum of one thousand dollars ($1,000.00) under the provisions of Section 44 of the Act, as there is no person entitled to compensation."

On May 4, 1932, the company mailed a check for the $1,000 to the Compensation Commission, accompanied by a statement that it was paid under protest in the belief that the Deputy Commissioner was not authorized to issue a compensation order under § 44 where there was a person eligible for compensation at the time of the employee's death. The widow was, of course, eligible for compensation (under the Act) at the time of the death and for some time thereafter. As the Deputy Com-

---

[1] 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

[2] 44 Stat. 1440, as amended, 52 Stat. 1168, 33 U.S.C.A. § 933.

[3] 44 Stat. 1444, 33 U.S.C.A. § 944.

missioner interpreted the Act, however, he was required to find whether there were eligible beneficiaries as of the time of his determination, rather than as of the time of the employee's death and, on his construction, the compensation order in the instant case was admittedly proper.

Section 21 entitled "Review of Compensation Orders" provides in part as follows:[4]

"Sec. 21(a)  A compensation order shall become effective when filed in the office of the deputy commissioner * * *, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the district court of the United States for the District of Columbia if the injury occurred in the District). The orders, writs, and processes of the court in such proceedings may run, be served, and be returnable anywhere in the United States. * * *

"(d) Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section * * *."

No appeal was taken from the Deputy Commissioner's order of April 14, 1932. A case then pending in the Second Circuit Court of Appeals, Federal Mutual Liability Ins. Co. v. Locke, presented the question whether a compensation order could issue under § 44(c) (1) where there was an eligible beneficiary at the time of the employee's death. On August 4, 1932, the court handed down its decision, reported at 60 F.2d 895, rejecting the Deputy Commissioner's construction of the Act, and holding that no compensation order should issue under § 44(c) (1) in such a case.

On January 6, 1939, the company filed a complaint in the District Court here praying for a mandatory injunction directing the Compensation Commission and the Treasurer of the United States to return the $1000 payment, characterized in the complaint as "involuntary".[5] The defendants answered and there being no fact in controversy the court entered a summary judgment on the pleadings—for the company (appellee herein). From that order the defendants have appealed.

We are of the opinion that the cause must be reversed—§ 21 of the Act governing review of compensation orders precludes the maintenance of this action. It is clear from the Act[6] and from judicial decisions interpreting it[7] that the order of the Deputy Commissioner ordering the company to pay the $1,000 was a "compensation order" within the meaning of § 21. Under subsection (b) of this latter section it is provided that "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred [with a right to further review in the appellate courts[8]]." We think it clear that this review would embrace the question whether the Deputy Commissioner could order payment into the special fund on the ground that "there is no person entitled to compensation," when his findings indicated that the deceased left a widow, who elected to pursue her remedy against the third party wrongdoer.[9] Moreover, in the event that the order requiring

---

4 44 Stat. 1436, 33 U.S.C.A. § 921.

5 Our disposition of the case makes it unnecessary to determine whether the $1,000 payment was "involuntary" under the decisions.

6 "(1) Each employer shall pay $1,000 as compensation for the death of an employee of such employer * * *". 44 Stat. 1444, 33 U.S.C.A. § 944.

7 Pacific Employer's Ins. Co. v. Pillsbury, D.C., N.D.Cal., 14 F.Supp. 156, 158 affirmed 9 Cir., 88 F.2d 443, 445; Federal Mutual Liability Ins. Co. v. Locke, 2 Cir., 60 F.2d 895 (sub silentio). See Didier v. Crescent Wharf & Warehouse Co., D.C., S.D.Cal., 15 F.Supp. 91, 93.

8 There is no question of the right to take an appeal from the District Court's disposition of the injunction proceeding as in ordinary equity actions. See, for example, Crowell v. Benson, 285 U.S. 22, 37, 52 S.Ct. 285, 76 L.Ed. 598.

9 Federal Mutual Liability Ins. Co. v. Locke, 2 Cir., 60 F.2d 895.

payment was finally reversed, that reversal would conclusively establish the right of the employer to recover the $1,000 payment.[10] A return of the $1,000 would follow as a matter of course. In the remote contingency that it did not, the employer's right could be enforced by the courts.[11]

■■■■ The company did not, however, seek a review of the order and under subsection (a) of § 21 it became final 30 days after it was filed in the office of the Deputy Commissioner. It is settled that, when time for appeal has expired, a judgment entered by a tribunal with jurisdiction is binding even though erroneous.[12] Moreover, a reversal in an appellate court redounds to the benefit of only those who have appealed. As to other parties the original judgment is valid and enforceable.[13] It is argued by the company, however, that the decision of the Second Circuit Court of Appeals holding that it was improper to issue a compensation order under § 44(c) (1), when there was an eligible beneficiary at the time of the death,

means that the order of the Deputy Commissioner was not within his jurisdiction, and hence, vulnerable to collateral attack.

The Deputy Commissioner had jurisdiction of the parties and of the subject matter. It appears from the Act that he was authorized in the first instance to construe § 44(c) (1).[14] Under these circumstances it is very doubtful that his order is subject to collateral attack within the common-law rule that judgments made without jurisdiction are void.[15] We need not base our decision on this ground, however.

■■■■ Section 21(d) provides that: "Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section * * *".[16] By this provision we think Congress has clearly precluded collateral attack on an order of the Deputy Commissioner, at least where the latter had jurisdiction over the claim for compensation, over the parties, and where the review provided by § 21(b) would have embraced the issues involved.[17]

---

[10] See Chapman v. Griffith-Consumers Company, 71 App.D.C. 64, 107 F.2d 263, 266.

[11] Whether institution of an action independent from the review proceeding would be necessary in order to enforce the employer's right we do not here decide. If the maintenance of this action depended on application of the principle that an equity court will take jurisdiction where the remedy at law is inadequate, it might be that the answer to that question would be decisive. The question whether the order of the Deputy Commissioner may be attacked collaterally does not depend on either a common law or equitable principle, however. Congress has expressly provided by § 21(d) of the Act (see text of the opinion, infra, at page 182) that the order cannot be attacked collaterally. The adequacy of the remedy provided by the review provisions must be tested, therefore, not by a rule of equity practice but by the Constitution. Assuming, without deciding, that an action in addition to the review proceeding would be necessary to secure a return of the employer's $1,000, it is too clear for argument that the employer would not be deprived of due process because required to institute two actions in order to realize on his right. The remedy provided the employer by the review provisions of the Act is therefore adequate.

[12] In actions under the Longshoremen's and Harbor Workers' Act. Shugard v.

Hoage, 67 App.D.C. 52, 89 F.2d 796; Mille v. McManigal, 2 Cir., 69 F.2d 644; Campbell v. Lowe, D.C., E.D.N.Y., 10 F. Supp. 288. In actions generally. Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685.

[13] The common-law rule enforced in the federal courts is that, where the judgment is joint, all parties must join in the appeal. Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685. Where the judgment is severable, however, the parties may appeal separately without affecting the interests of non-appealing parties. Winters v. United States, 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340.

[14] "(1) Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury *where the deputy commissioner determines that there is no person entitled under this Act [chapter] to compensation for such death.*" (Italics supplied.) Pacific Employers' Ins. Co. v. Pillsbury, D.C., N.D.Cal., 14 F.Supp. 156, 160, affirmed, 9 Cir., 88 F.2d 443, 445.

[15] Toy Toy v. Hopkins, 212 U.S. 542, 548, 549, 29 S.Ct. 416, 53 L.Ed. 644; Campbell v. Lowe, D.C., E.D.N.Y., 10 F. Supp. 288.

[16] 44 Stat. 1436, 33 U.S.C.A. § 921(d).

[17] Campbell v. Lowe, D.C., E.D.N.Y., 10 F.Supp. 288; Thaxter v. Finn, 178 Cal. 270, 173 P. 163; Ashland Iron & Mining Co. v. McDaniel's Dependents,

Having failed to avail itself of its statutory remedy the company is without any.[18]

■ The company asserts that it has a constitutional right to attack collaterally the order made by the Deputy Commissioner in the instant case. The Act provides that the Deputy Commissioner must notify the employer of proceedings which may result in a compensation order.[19] The employer upon request is entitled to a hearing on the prospective order[20] with a right to review the same in the District Court, within thirty days.[21] Where, as here, those safeguards are made available to the employer, contention that there is a constitutional right to attack the Deputy Commissioner's order . collaterally is without foundation. Due process of law is not so arbitrary. Bonet v. Texas Company, 308 U.S. 463, 472, 60 S.Ct. 349, 84 L.Ed 401.[22]

The judgment of the District Court is reversed.

Reversed.

---

202 Ky. 19, 258 S.W. 943; Taylor v. Robert Ramsay Co., 139 Md. 113, 114 A. 830.

[18] Cf. Central Stock Yards Co. v. Louisville & N. R. Co., C.C., 112 F. 823.

[19] 44 Stat. 1435, as amended, 52 Stat. 1167, 33 U.S.C.A. § 919 (b).

[20] Id., § 919 (c).

[21] 44 Stat. 1436, 33 U.S.C.A. § 921 (a).

[22] "Intimations that respondent was not accorded due process of law and that the question of whether or not it was insured was a jurisdictional fact open to collateral attack are untenable. According to the Supreme Court of Puerto Rico, respondent had not only an opportunity to be heard before the Commission but also a right of appeal. The fact that the period for review by appeal was very limited and that on respondent's interpretation of the law its right to appeal was uncertain are immaterial. Here, as on other aspects of this case, we cannot say that the conclusion of the Supreme Court of Puerto Rico that under this statute the remedy of respondent at law was adequate is obviously erroneous." Bonet v. Texas Company, 308 U.S. 463, 472, 60 S.Ct. 349, 354, 84 L.Ed. 401.