## HAGENS v. UNITED FRUIT CO.

### No. 253.

Circuit Court of Appeals, Second Circuit.

May 27, 1943.

Paul C. Matthews, of New York City, for appellant.

W. Dale Williams, of New York City (Thomas H. Walker, of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 903(a) provides that no compensation shall

be payable under that Act "in respect of disability or death of * * * a member of a crew of any vessel * * *". § 905 provides: "The liability of an employer * * * shall be exclusive and in place of all other liability of such employer to the employee * * *." The award, under the Act, if the commissioner had jurisdiction, is therefore a bar to the present suit because no such award could be made validly without a determination that plaintiff was not a member of the crew. Plaintiff's position however is that the Deputy Commissioner did not, in his findings, explicitly state that plaintiff was not a member of the crew but merely that he was injured "while performing service as a member of the shore staff for the employer and engaged in shifting the S. S. 'Mayari' from drydock." Plaintiff contends that, absent an explicit finding that he was not a member of the crew, the award in the present suit can be disregarded since the deputy commissioner's findings do not affirmatively show that he had jurisdiction. We cannot agree. In the first place, the finding made, although not literally in the wording of the statute, indicates that the Commissioner did find that plaintiff was not a member of the crew; we think that plaintiff is over meticulous in urging that "a member of the shore staff" might mean that the plaintiff was nevertheless a member of the crew.[1] But aside from that, and more important, is the fact that we do not consider a finding as to non-membership in the crew to be what has been called a finding of a "jurisdictional fact." See South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, affirming 7 Cir., 104 F.2d 522 and infer-

entially holding erroneous Maryland Casualty Co. v. Lawson, 5 Cir., 94 F.2d 190. Consequently the determination by the Commissioner comes within the general rule that there is a presumption of jurisdiction unless the absence of jurisdiction affirmatively appears on the face of the record, as it does not here. As a consequence, the award cannot be collaterally attacked.[2]

Affirmed.

---

[1] Cf. Kraft v. A. H. Bull S. S. Co., D. C., 28 F.Supp. 437, 439, 440.

[2] Swofford v. International M. M. Co., 72 App.D.C. 225, 113 F.2d 179, 182; Dennison v. Payne, 2 Cir., 293 F. 333, 341; Hoffman v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 227, 230; Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Baldwin v. Iowa Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244; Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Chicot Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L. Ed. 329; Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L. Ed. 85; Sunshine Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263; Jackson v. Irving Trust Co., 311 U.S. 494, 503, 61 S.Ct. 326, 85 L.Ed. 297; Young Realty Co. v. Darling Stores Corp., 2 Cir., 128 F.2d 556; Perkins v. Endicott Johnson Corp., 2 Cir., 128 F. 2d 208, affirmed 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. —, January 11, 1943; Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 184, 59 S.Ct. 160, 83 L.Ed. 111; Rochester Telephone Corp. v. United States, 307 U.S. 125, 144–146, 59 S. Ct. 754, 83 L.Ed. 1147; see Moore and Adelson, The Supreme Court: 1938 Term, 26 Va.L.Rev. 697, 754–758 (1940); Stason, Timing of Judicial Redress From Erroneous Administrative Action, 25 Minn.L.Rev. (1940) 560; Larson, The Doctrine of 'Constitutional Fact,' 15 Temp.U.L.Q. (1941) 185; note, 24 Va.L. Rev. 653 (1938).