Charles **FLAMM**, Plaintiff,

v.

John A. **WILLARD**, Deputy Commissioner, Second Compensation District, Defendant.

Civ. No. 12924.

United States District Court, E. D. New York.

Nov. 19, 1954.

18. 285 I.C.C. 276.

Dora Aberlin, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., W. E. Boote, Asst. Solicitor, Employees' Compensation Division, New York City (of counsel), for defendants.

GALSTON, District Judge.

The defendant moves for an order affirming the award made by the defendant in a proceeding before him on the petition of the plaintiff, and dismissing the complaint.

The amended complaint alleges that on March 30, 1950, the plaintiff was employed by the Bethlehem Steel Company as a chipper and caulker in the building and repair of vessels, and that in the course of his employment he sustained an injury and consequent disability.

Thereafter, as alleged in the complaint, proceedings were had before the defendant, and on or about June 20, 1951, the defendant made an order awarding the plaintiff compensation. The complaint alleges that this order was based on a mistake in the determination of the facts in respect to the extent and duration of the plaintiff's disability. Also the complaint alleges that the plaintiff received his last payment of compensation on or about January 31, 1952, and that less than a year has elapsed since the last payment of compensation.

It appears from the complaint that the plaintiff requested that the order of June 20, 1951 be modified so as to give the plaintiff 33⅓% schedule loss in the foot instead of 30%, and to evaluate the extent of his continued disability in his back, on the ground that the defendant made a mistake in determining that plaintiff was totally disabled up to January 30, 1951, without consideration or making provision for any continuing disability thereafter.

Thereafter, on or about November 25, 1952, and in alleged compliance with the procedure outlined in Section 31.16(a) of the Rules of Procedure, and under Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, the plaintiff filed formal application for a review of his claim for compensation. It is alleged that the defendant, on November 28, 1952, refused to set the case for further hearing, and refused to modify his order of June 20, 1951. It should be noted that the original complaint was filed in this court on September 24, 1952, and therefore prior to the filing by the plaintiff of what is termed in the complaint a "formal application for a review of his claim for compensation".

The answer of the defendant, after denial of paragraphs 7th and 8th of the amended complaint, set up as a separate defense that the order of the Deputy Commissioner, dated July 20, 1951, became final at the expiration of August 19, 1951, and is not now judicially reviewable; also that the provisions of Title 33 U.S.C.A. § 922, relating to a review by the Deputy Commissioner of a compensation case on the ground of a change in condition, or because of a mistake in determination of fact, are not mandatory, and the granting of such review is in the discretion of the Deputy Commissioner.

In the affidavit of Dora Aberlin, attorney for the plaintiff, in opposition to this motion, she seeks to show that the Deputy Commissioner, the defendant herein, should have granted the application for a hearing in the effort to re-open the case before the Deputy Commissioner.

However, attached to Miss Aberlin's affidavit is a letter from the Deputy Commissioner, dated April 22, 1952, to the plaintiff's then attorney, wherein he refers to the medical report of Dr. Accettola, which was submitted in support of the plaintiff's application for review. In this letter the Deputy Commissioner notified the attorney that the report of Dr. Accettola does not constitute new medical evidence, or evidence of a change

in condition. It appears from this same letter that the Deputy Commissioner had caused the plaintiff to be examined by the orthopedic consultant of the Bureau of Employees' Compensation, in whose report it is recommended that the plaintiff dispense with lumbar back support, and that further disability be determined by urological and surgical consultants. In view of this recital in his letter, the Deputy Commissioner denied the application to re-open plaintiff's case before him. A copy of the report of the orthopedic consultant, Dr. A. A. Michele, dated April 16, 1952, is likewise attached to the affidavit of Miss Aberlin. That the Deputy Commissioner acted after due consideration of the material matter which had been supplied to him on the applications for review, abundantly appears from the letter of the Deputy Commissioner, dated September 2, 1952, to Dora Aberlin.

It is clear from Title 33, Section 921, that the Deputy Commissioner's order of July 20, 1951, became final at the expiration of the 30th day thereafter, to wit, August 19, 1951. Since there was no petition for judicial review within the time limit therein set forth, the order of July 20, 1951 is not now subject to judicial review. Tudman v. American Ship Building Company, 7 Cir., 170 F.2d 842; Swofford v. International Mercantile Marine Co., 72 App.D.C. 225, 113 F. 2d 179; W. R. Grace & Co. v. Marshall, D.C., 56 F.2d 441; Mille v. McManigal, 2 Cir., 69 F.2d 644.

The Deputy Commissioner's letters of April 22, 1952, and of September 2, 1952, indicate that the defendant refuses to re-open the plaintiff's case for further consideration.

It was held in O'Loughlin v. Parker, 4 Cir., 163 F.2d 1011, that on an application to re-open a compensation hearing on grounds of newly discovered evidence, only when the action of the Deputy Commissioner is an abuse of discretion will his action be disturbed on appeal. I do not find in the record before me that there has been an abuse of dis-

cretion. See also Simmons v. Marshall, 9 Cir., 94 F.2d 850.

Finally it must be observed that since the Deputy Commissioner, in answer to the so-called formal application of the plaintiff to re-open his case before him which was presented to the Deputy Commissioner subsequently to the filing of the complaint herein, in his letter of November 28, 1952 wrote that "the matter of your application will be held in abeyance, pending the outcome of the appeal;" that with the dismissal of this action whatever there is to be determined by the Deputy Commissioner will be so determined.

Defendant's motion, so far as it seeks *to dismiss the complaint, is* granted. Settle order.