### BULCZAK v. INDEPENDENT PIER CO. et al.

### No. 9283.

District Court, E. D. Pennsylvania.

Jan. 29, 1937.

974

Stuart L. Kirk and J. H. Eiseman, both of Philadelphia, Pa., for plaintiff.

Louis Wagner, of Philadelphia, Pa., for Independent Pier Co. and Maryland Casualty Co.

John Barton Rettew, Jr., Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for Augustus P. Norton.

MARIS, District Judge.

This was a bill in equity brought by Peter Bulczak against Independent Pier Company, his employer, Maryland Casualty Company, its insurance carrier, and Augustus P. Norton, Deputy Commissioner for the Third Compensation District of the United States Employees' Compensation Commission, seeking the review of an order for compensation made by the Deputy Commissioner in favor of the plaintiff on December 24, 1935. The suit was brought under section 21 of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 921 [33 U.S.C.A. § 921]), and the Deputy Commissioner ·has filed a motion to dismiss the bill upon the ground that the proceeding was not instituted within the time required by that section, and therefore the compensation order complained of is not now subject to judicial review.

Subdivision (a) of section 21 of the act (33 U.S.C.A. § 921 (a), is as follows: "(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this act [chapter], and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

It is quite clear that under this act a proceeding to review a compensation order must be instituted within 30 days after the order is filed in the office of the deputy commissioner. Twine v. Locke (C.C.A.) 68 F.(2d) 712; Mille v. McManigal (C.C.A.) 69 F.(2d) 644; Campbell v. Lowe, 10 F.Supp. 238. In the present case the compensation order complained of was filed December 24, 1935, as appears from the copy thereof annexed to the plaintiff's bill. The subpœna was issued and the bill filed in this court on January 25, 1936, more than 30 days thereafter. It follows that the compensation order had become final and not subject to judicial review and that this court has no jurisdiction of the bill.

The plaintiff urges, however, that subdivision (e) of section 19 of the act (33 U.S.C.A. § 919 (e), requires not only that the order be filed in the office of the Deputy Commissioner, but that "a copy thereof shall be sent by registered mail to the claimant and to the employer at the last known address of each," and he says, although it is not averred in the bill, that he did not receive a copy of the order in question until December 26, 1935, which was within 30 days of the time he instituted suit. The answer to this is that under section 21 the period of 30 days within which a bill must be filed begins to run from the date the order is filed in the office of the Deputy Commissioner and not from the date the copy thereof is received by the complainant. The plaintiff argues that such a construction of the act opens the way to depriving a claimant of his remedy in case notice of the Deputy Commissioner's order is not mailed to him promptly. It is a sufficient answer to this, however, to say that section 19 of the act (33 U.S.C.A. § 919) makes it mandatory upon the Deputy Commissioner to send a copy of his order by registered mail to the claimant, and, since no discretion is given him to delay the mailing, it follows that it is his duty to mail it as promptly after his order is filed as is reasonably possible. We are not here confronted with the situation which might arise if the Deputy Commissioner failed to comply with this statutory requirement, for in this case the mailed notice was received by the claimant on December 26, 1935, which was the next busi-

ness day after the order was filed by the Deputy Commissioner.

Bill dismissed for want of jurisdiction.