Sidney **HILLMAN** et al., Petitioners,

v.

Stephen **O'HEARNE**, Deputy Commissioner, et al., Respondents.

No. 3719.

United States District Court,
D. Maryland, Admiralty Division.

March 17, 1955.

Sidney Hillman, Baltimore, Md., for petitioners.

George Cochran Doub, U. S. Atty., William F. Mosner, Asst. U. S. Atty., Baltimore, Md., and Herbert P. Miller, Atty., U. S. Dept. of Labor, Washington, D. C., for O'Hearne, Deputy Commissioner, respondent.

THOMSEN, District Judge.

Sidney Hillman and Leonard Hillman, attorneys at law, seek a review of the action of the deputy commissioner in fixing $200 as their fee for services rendered

218

to the claimant, William F. Crampton, in a proceeding under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., instead of the $500 which they requested.

■ They allege that the deputy commissioner "erred in properly evaluating the said attorneys' services to the claimant", aver that "the efforts and services of the said attorneys should be properly and substantially compensated", and pray that the court "direct such revision as to the court may seem just and proper". This prayer misconceives the function of the court under the Act. The court may set aside a compensation order only if it is "not in accordance with law". Sec. 921.

■ In this case the carrier did not dispute the accident, but did dispute the extent of the injury. Compensation was awarded for temporary total disability in the amount of $340 and for temporary partial disability in the amount of $894.03, and a final settlement was approved in the amount of $2,000 in addition to the $1,243.03 already paid. The attorneys had represented the claimant for over a year, had conferred with him in their office about eight times, and had appeared at several conferences or informal hearings before the deputy commissioner, although no formal hearing was ever held. They asked the deputy commissioner to approve a fee of $500. He told them that he did not believe their demand was justified, but that if they wished to submit a schedule of their services and fees he would be glad to give the matter further consideration. They indignantly refused to submit such a schedule, and he told them that he would approve a fee of $200. He did so in the compensation order, and made the fee a lien upon the award.

The Act, sec. 928(a), provides that "No claim for legal services * * * rendered in respect of a claim or award for compensation * * * shall be valid unless approved by the deputy commissioner, or if proceedings for review of the order of the deputy commissioner in respect of such claim or award are had before any court, unless approved by such court." The Code of Federal Regulations, 1949 Ed., Title 20, "Employees' Benefits", sec. 31.21(b), provides that "no fee for services shall be approved except upon an application to the deputy commissioner supported by a sufficient statement of the extent and character of the necessary work done on behalf of the claimant". In this district it has not been customary to require a written statement of the work done. The attorney, the claimant and the deputy commissioner usually agree upon the fee at a conference or hearing; but if the deputy commissioner does not approve the proposed fee, he has the right to ask for a written statement or schedule of services and fees.

■ Petitioners seem to feel that since the amount of the proposed fee was less than twenty percent of the compensation collected, it should have been approved more or less automatically. But the deputy commissioners have rightly felt that fees in compensation cases should not be fixed by reference to an arbitrary percentage applicable to all or most cases. The extent and character of the legal work, the amount involved, the intricacy and novelty of the issues, and the results obtained must all be considered.

Some authorities also include as elements for consideration in fixing fees the circumstances of the claimant and the standing of counsel. The latter element has less application in compensation cases than in other fields. As to the former, the circumstances of the claimant are almost always needy, and should moderate the demands of counsel, but should not be so emphasized by those approving the fees as to drive competent counsel out of the field. In some compensation cases the issue of liability is bitterly contested and the collection of any fee is necessarily contingent upon success; in other cases, the only question is how much compensation will be awarded, some fee is sure to be allowed and to be made a lien upon the award, and that

factor should be considered in fixing the fee.

In the case at bar, because of petitioners' refusal to submit the requested statement, the record is meagre. The fee is not out of line with those approved in the few reported cases in other districts, nor with those customarily allowed by the present deputy commissioner and his predecessors in this district. I cannot say that the order is contrary to law or that the deputy commissioner has abused his discretion. The "bill for review" must be dismissed, with costs. It is so ordered.