Philip F. DI COSTANZO, Petitioner,

v.

John H. WILLARD, as Deputy Commissioner of the United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, Respondent.

Civ. No. 18631.

United States District Court
E. D. New York.

Sept. 9, 1958.

See, also, 165 F.Supp. 540.

April 10, 1958, is annexed to the petitioner's bill of complaint. The petition in this action was verified on April 15, 1958 and filed in the office of the Clerk of this Court on April 17, 1958. The Longshoremen's and Harbor Workers' Compensation Act provides that a compensation order so filed shall become final at the expiration of the thirtieth day after the date when it was so filed. 33 U.S.C.A. § 921. Thus, this action by the peitioner has been timely instituted, if properly brought under § 921, because instituted within thirty days after the date of the filing of the order in the office of the Deputy Commissioner. Mille v. McManigal, 2 Cir., 1934, 69 F.2d 644; Flamm v. Willard, D.C.E.D.N.Y.1954, 125 F. Supp. 932; Montagna v. Norton, D.C. D.N.J.1939, 28 F.Supp. 997; Bulczak v. Independent Pier Co., D.C.E.D.Pa.1937, 17 F.Supp. 973.

The respondent has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. "on the grounds that there is no genuine issue as to any material fact and that said respondent is entitled to judgment as a matter of law". It is the contention of the respondent that the court has no jurisdiction to review the amount of petitioner's fees as fixed by the Deputy Commissioner; that the order, insofar as it relates to the legal fees of the petitioner, is not a "compensation order"; that the petitioner is not a party in interest who is entitled to institute this action under 33 U.S.C.A. § 921(b). Respondent contends in his memorandum that the term "compensation order" is defined at 33 U.S.C.A. § 919(e). But that section of the Longshoremen's and Harbor Workers' Act does not purport to define "compensation order". Rather, it prescribes the procedure in respect of claims, sub-division (e) thereof providing that "the order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner  *  *  * ".  Actually, the term "compensation order" is not specifically defined in the Longshoremen's

Philip Di Costanzo, Brooklyn, N. Y., petitioner pro se.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for respondent, Ann. B. Miele, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

The petitioner has brought this action to review a compensation order made by the respondent in a proceeding under the Longshoremen's and Harbor Workers' Compensation Act, in which the petitioner's client, Ralph Scotto, was claimant, Bull Insular Line, Inc. was the employer, and the Travelers Insurance Company was the insurance carrier. Review of that order is sought insofar as it fixed as the gross sum of $175 the fee of this petitioner for the legal services which he had rendered to the claimant. A copy of the order, dated and filed in the office of the Deputy Commissioner on

and Harbor Workers' Compensation Act. 33 U.S.C.A. § 902.

In support of his contention that the attorney for the claimant is not a party in interest, respondent cites United States Casualty Co. v. Taylor, 4 Cir., 1933, 64 F.2d 521, certiorari denied 1933, 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555. In that case a workman was injured while engaged in the construction of a new ship that had been launched and was nearly, but not quite, completed. The Deputy Commissioner rejected his claim for compensation on the ground that the construction of a new vessel did not involve a maritime contract and that, therefore, the Longshoremen's and Harbor Workers' Compensation Act did not apply to this workman. On a bill of complaint against the Deputy Commissioner under the provisions of § 921 of Title 33 U.S. C.A., the District Judge decreed that the order of the Deputy Commissioner be reversed and that he proceed to award compensation in the manner provided by the statute. Thereafter, the compensation carrier was granted leave to intervene and brought the case to the Court of Appeals. On the appeal it was contended that the District Court had no power to allow an intervention after the rendition of its final decree and that the casualty company had no such interest in the litigation as entitled it to intervene; that the carrier's interest in the case was not direct and immediate but secondary and consequential. The Court of Appeals for the Fourth Circuit rejected this contention. It construed 33 U.S.C.A. § 921(b) with reference to *other* sections of the Longshoremen's and Harbor Workers' Compensation Act and concluded that the carrier *was* an interested person entitled to intervene. By reference to other sections of the act, the Court construed Sections 912(a), 914(a) and 919(d) to have a direct bearing upon the rights and obligations of the insurance carrier, and to contemplate the right of the carrier to be heard in opposition to any compensation claim. It was held that the carrier was clothed with a sufficient interest in the result of such a suit as to be granted permission to intervene as a defendant in a subsequent suit despite the fact that Congress failed to expressly authorize such joinder. The Court was of the view that it should be ready to exercise its discretion "so that the act may be enforced according to its spirit, and a speedy decision of controverted cases may be accomplished * * *" [64 F.2d 527.] The respondent attempts to draw from the language of the court in the United States Casualty Co. case an inferential holding that persons other than the injured employee, the employer and the carrier are not clothed with a sufficient interest in the result of a suit brought to review a decision of the Deputy Commissioner of the United States Department of Labor under the Longshoremen's and Harbor Workers' Compensation Act. This court is of the opinion that such an inference is fallacious. The court in United States Casualty Co. decided only the question presented to it and nothing more. Furthermore, that case does not even purport to suggest who, other than the claimant, employer and carrier, may bring an action against the Deputy Commissioner under § 921 (d).

The respondent also cites § 31.21 (a) of Title 20 of the Code of Federal Regulations, which specifies what parties in interest may be represented before the Deputy Commissioner by persons authorized in writing for such purpose. It provides as follows:

"§ 31.21 Representatives of parties in interest and fees for services.

"(a) Any party in interest, whether claimant, employer or insurance carrier, may be represented before the deputy commissioner by any person previously authorized in writing for such purpose. Any attorney in good standing, admitted to the bar of the State where the compensation proceeding is held, may when so authorized appear as attorney in respect of a claim under said act. * * *"

The respondent maintains that this language necessarily excludes the attorney

for a claimant as a party in interest who may proceed to review any part of a compensation order, under § 921(d). It is the opinion of this Court that this regulation does not purport to define "party in interest" but merely to specify those parties in interest who may be represented before the Deputy Commissioner by an attorney or by any other person previously authorized in writing for such purpose and that, therefore, it is not determinative of the issue presented on the respondent's motion for summary judgment.

In Hillman v. O'Hearne, D.C. Md.1955, 129 F.Supp. 217, the attorneys for a claimant, in a proceeding under the Longshoremen's and Harbor Workers' Compensation Act, sought a review of the order of the Deputy Commissioner insofar as it fixed their fees at $200 for legal services rendered to the claimant. It does not appear from the reported case under what section of the Longshoremen's and Harbor Workers' Compensation Act the attorneys instituted their proceeding to review the order of the Deputy Commissioner insofar as it related to the matter of legal fees. It would appear that the District Court of Maryland regarded the proceeding as one brought under § 921(b) because the court dismissed the bill for review on the ground that it could not say that the order was contrary to law. And it is to be noted that § 921(b) provides that a compensation order may be suspended or set aside in whole or in part "If not in accordance with law, * * *" That case stands sub silentio for the proposition that the attorney for a claimant in a compensation proceeding under the Longshoremen's and Harbor Workers' Compensation Act may petition for review of the compensation order of the Deputy Commissioner insofar as it relates to fixing his fee, upon the ground that the order, to that extent, is contrary to law or upon the ground that the Deputy Commissioner has abused his discretion in fixing the amount of the fee. In the opinion of this Court it would be mischievous word playing to find that §

921(b) and § 928 of the Longshoremen's and Harbor Workers' Compensation Act preclude the attorney for the claimant from reviewing the compensation order insofar as it fixes the fees of the attorney for the claimant. This conclusion is fortified by a reading of § 31.21(b) of Title 20 of the Code of Federal Regulations which provides in part as follows:

"* * * Except where the claimant has been advised that such representation will be rendered gratuitously, the fee approved by the deputy commissioner shall be reasonably commensurate with the actual necessary work performed by such representative, taking into account the capacity in which the representative has appeared, the amount of compensation involved and the circumstances of the claimant."

The respondent contends, in effect, that this petitioner has no remedy by which he may review the action of the Deputy Commissioner insofar as it relates to fees. It is the opinion of the Court that this petitioner is entitled to review the action of the respondent, under § 921(b) of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 921(b), and that he is also entitled to judicial review of the action of this agency under the Administrative Procedure Act. 5 U.S.C.A. § 1009(a) provides as follows:

"Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

Other subdivisions of § 1009 of Title 5 provide in substance that the form of the proceeding for judicial review shall be either the special statutory review proceeding relevant to the subject matter in any court specified by the statute or, in the absence or inadequacy thereof, "any applicable form of legal action * * * in any court of competent jurisdiction * * *" 5 U.S.C.A. § 1009(b). Subdivision (c) of section 1009 provides:

"Every agency action made reviewable by statute and every final

agency action for which there is no other adequate remedy in any court shall be subject to judicial review * * * ”

Subdivision (e) of section 1009 provides in substance as to the scope of review by the court. It limits the court's review to a decision as to "all relevant questions of law" and authorizes the court to hold unlawful and set aside agency action which the court finds to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The purpose of section 1009 has been stated to be to extend the right of judicial review and to enlarge the authority of courts to check illegal and arbitrary administrative action. American President Lines v. Federal Maritime Board, D.C.D.C.1953, 112 F.Supp. 346. Of course, if the court finds that there is a rational basis for the conclusions of the administrative body, then the judicial function is exhausted. American Trucking Ass'ns v. United States, D.C.N.D.Ala. 1951, 101 F.Supp. 710, affirmed 1953, 344 U.S. 298, 73 S.Ct. 207, 97 L.Ed. 337. It is the opinion of this Court that § 921(b) of the Longshoremen's and Harbor Workers' Act is designed to effect the same purpose and that this petitioner is entitled to bring this proceeding either under 33 U.S.C.A. § 921 or 5 U.S.C.A. § 1009.

With regard to the fee of $175 awarded by the respondent, the affidavit of the petitioner, sworn to August 8, 1958, and submitted in support of his cross-motion for summary judgment, shows that petitioner advanced from his own funds disbursements in the sum of $25.71, and that his net fee was therefore $149.29. This was further reduced to $124.29 when the respondent approved a fee to Dr. Edward S. Wally in the sum of $157, whereas the petitioner had paid this medical expert the sum of $182.

The petitioner is an attorney of many years' standing, having been admitted to the practice of law in the State of New York in 1932. It is a matter of common knowledge that he and his firm have an extensive practice in the United States District Courts for the Eastern and Southern Districts of New York, devoted largely to representing longshoremen and maritime workers who claim damages for alleged injuries. His affidavit of August 8, 1958, alleges further (and has not been contradicted) that for the past twenty-six years his law office has also represented longshoremen in compensation claims before the United States Department of Labor and that this is the first occasion on which he or his firm has ever instituted a proceeding to review a legal fee approved by a deputy commissioner or a claims examiner.

The bill of complaint alleges that the petitioner was retained on October 28, 1957 by one Ralph Scotto, who claimed that while in the employ of Bull Insular Line, Inc., as a winch operator, a boom struck him and threw him to the deck; that thereafter he was admitted to St. Clare's Hospital, where he was found to be suffering from an anterior wall myocardial infarction; that Scotto was not discharged from the hospital until July 26, 1957; that at the time of the injury Scotto was suffering from a pre-existing arterio-sclerotic heart disease; that the employer and compensation carrier bitterly contested Scotto's claim; that as the result of petitioner's efforts on his behalf, Scotto was awarded temporary total disability from June 20, 1957 to March 12, 1958, in the amount of $54 per week, or a total of $2,052, and continuation of such weekly payments until otherwise ordered, subject to the limitations of the Longshoremen's and Harbor Workers' Compensation Act; that since Scotto is thirty-eight years of age, he has a life expectancy of 30.82 years; that inasmuch as he is totally disabled, he will eventually collect in benefits, pursuant to the award, a total of $86,542.56; that, should his physical condition ameliorate, permitting him to do sedentary work, he will then collect $17,280.

In addition to alleging the results obtained by the petitioner, the bill of complaint summarizes the work that the petitioner claims to have performed on his client's behalf: He was retained by

Scotto and forwarded the retainer to the United States Department of Labor; he compiled a complete and detailed abstract of the file in the Office of the United States Department of Labor; he prepared and had issued out of that office a subpoena to St. Clare's Hospital; he requested by letter that the claims examiner have the complete hospital record photostated; he caused the subpoena to be served upon the hospital; he received a ninety-four page photostated copy of the hospital record; a member of his office attended an informal conference before the claims examiners; he had correspondence with the claims examiner and the insurance carrier and made numerous telephone calls to the representatives of the carrier; he forwarded a letter to the United States Department of Labor and to the insurance carrier requesting a formal hearing; he obtained Scotto's complete payroll record from the New York Shipping Administration; he referred Scotto to a cardiologist with whom the petitioner had a two hour conference in preparation for the scheduled formal hearing; he spent four hours in the study of medical literature relative to Scotto's claim; he attended and participated in the formal hearing, on the two occasions on which it was held, which lasted for an aggregate period of three and one-quarter hours.

The moving papers show that a statement of the extent and character of the allegedly necessary work done on behalf of the claimant accompanied the petitioner's application for a fee for his services on April 9, 1958, pursuant to § 31.21(b) of Title 20 of the Code of Federal Regulations.

■ The Court is aware of the fact that its remedial powers in a proceeding of this nature are those conferred by 33 U.S.C.A. § 921, Associated Indemnity Corporation v. Marshall, 9 Cir., 1934, 71 F.2d 235; Howard v. Monahan, D.C. S.D.Tex.1929, 31 F.2d 480, modified on other grounds D.C.S.D.Tex.1929, 33 F.2d 220, and that section 921 does not give the Court the power to review the determination of the respondent. McDonough v. Monahan, D.C.Me.1939, 30 F.Supp. 315. All that the Court may do is to "suspended or set aside, in whole or in part" if it finds that the determination of the respondent is "not in accordance with law". 33 U.S.C.A. § 921(b); Associated Indemnity Corporation v. Marshall, supra; Howard v. Monahan, supra.

■ Agency action which is arbitrary, capricious or an abuse of discretion is not in accordance with law. 5 U.S.C.A. § 1009(e). The Court finds that the respondent's award of $175 to the petitioner as and for his gross fee for legal services rendered to claimant Scotto is not reasonable within the mandate of Title 20, section 31.21(b) of the Code of Federal Regulations; that it is arbitrary, capricious and an abuse of the discretion vested in the respondent and, therefore, not in accordance with law. The Court is of the opinion that any fee less than $500 under the circumstances of this case would neither be reasonable nor in accordance with law.

The petitioner's cross-motion for summary judgment is granted. The compensation order is set aside insofar as it approves a fee of $175 for the petitioner. The respondent is directed to award a reasonable fee within the mandate of Title 20, section 31.21(b) of the Code of Federal Regulations. The respondent's cross-motion for summary judgment is denied. Settle judgment on notice.