Philip F. DI COSTANZO, Petitioner,

v.

John A. WILLARD, as Deputy Commissioner of the United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, Respondent.

Civ. No. 18632.

United States District Court
E. D. New York.

Sept. 9, 1958.

Philip F. Di Costanzo, Brooklyn, N. Y., petitioner pro se.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for respondent, Ann B. Miele, Ass't U. S. Atty., Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

In his complaint and affidavit accompanying the cross-motion for summary judgment, the petitioner alleges as follows:

That he is an attorney admitted to practice law in the State of New York since 1932; that he was retained by Mr. Joseph Caputo, a claimant for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. on July 8, 1953; that he filed a retainer executed by the claimant with the United States Department of Labor; abstracted the complete file of said Department; obtained the claimant's payroll records and copies of the reports of claimant's treating physician; and that a member of the petitioner's office attended an informal conference before a Claims Examiner on behalf of the claimant; that, after he learned that the claimant had been hospitalized for a heart ailment which occurred more than two years after the accident, he caused a subpoena to be issued for the claimant's hospital record and expended the sum of $18.68 for service of the subpoena and a Photostat of said record.

That on a number of occasions the claimant was submitted for medical ex-

amination by the petitioner's consultant and by physicians acting on behalf of the United States Department of Labor and the insurance carrier.

That "prior to the controversy of the carrier herein", the claimant had been paid compensation in the amount of $1,660; that after correspondence by the petitioner with the carrier and "considerable negotiations", there was an offer of an additional $2,765 for an "amicable disposition" of the claim; that consultation with the petitioner's medical expert led to the conclusion that the claimant's heart ailment was not related to his injury; that the claimant was so advised, and it was "strongly urged" that the claimant accept the sum offered in settlement of his claim.

That the claimant made "almost weekly" visits to the petitioner's office with reference to his claim; that a member of petitioner's office spent a half day accompanying the claimant on a trip to a hospital; that the petitioner personally visited the Office of the United States Department of Labor in an attempt to expedite disposition of this litigation.

That on November 14, 1955 the petitioner was advised by mail that his services were no longer required; that claimant retained a Mr. I. B. Stern, who petitioner is informed is not a member of the bar (n. b., the affidavit of respondent's counsel describes Mr. Stern as an "attorney"); that approximately six informal conferences were held at the United States Department of Labor, at each of which one of petitioner's representatives, an attorney, was present (the petition does not specify whether these informal conferences were held prior or subsequent to November 14, 1955); that Mr. Stern represented the claimant at two formal hearings, one of which lasted three hours and the other a few minutes.

On March 28, 1958 a compensation order was entered in the Caputo proceeding, in which it was found that Caputo sustained a low back sprain while employed as a longshoreman, and that as a result thereof he was entitled to compensation in addition to the sum of $1,660

already paid to him in the amount of $2,000.25. A fee in the sum of $300 was approved in favor of "the claimant's attorney, Irving B. Stern", and a fee "in the sum of $125 which includes medical and other disbursements amounting to $85" was approved in favor of the petitioner. This gross award to petitioner nets him a legal fee of $125, less $18.68, less $85, or $21.32. It is noted that the Deputy Commissioner found as a fact that the claimant's heart condition was not related to the injury sustained. The petitioner has shown that on December 19, 1955 he forwarded a letter to the United States Department of Labor in which he detailed his services on behalf of Caputo, and requested a fee of $500.

The petitioner, through his services, succeeded in obtaining an offer of settlement of $765 more than the claimant received after Mr. I. B. Stern came into the case. Nevertheless, respondent awarded a fee to petitioner which netted him $21.32 and awarded to Mr. I. B. Stern a fee of $300. In the companion case involving the compensation claim of Ralph Scotto, another client of the petitioner, respondent awarded petitioner a gross fee of $175 for services which yielded much greater financial return to the claimant Scotto. See 165 F.Supp. 533 and opinion bearing even date and being filed simultaneously herewith.

The Court finds that the action of the respondent in this case is arbitrary, capricious and an abuse of discretion and, hence, not in accordance with law.

The respondent's motion for summary judgment is denied. The petitioner's motion for summary judgment is granted. The compensation order is set aside insofar as it approves a fee of $125, which includes medical and other disbursements amounting to $85, for the petitioner. The respondent is directed to award a reasonable fee within the mandate of Title 20, Section 31.21(b) of the Code of Federal Regulations, which in the opinion of the Court should be a sum not less than the gross amount of $275.

Settle judgment on notice.