Howard Paul MYERS, Infant Grandchild
of Nicholas P. Beiser, Deceased, by
Barbara B. Myers,

v.

BETHLEHEM STEEL COMPANY, and
Stephen O'Hearne, Deputy
Commissioner.

No. 4021.

United States District Court
D. Maryland.

Feb. 25, 1959.

Sidney M. Jacobs and Maurice J. Pressman, Baltimore, Md., for plaintiff.

Jesse Slingluff, Jr., and Joseph H. Young, Baltimore, Md., for defendant Bethlehem Steel Co.

Leon H. A. Pierson, U. S. Atty., and Martin A. Ferris, Asst. U. S. Atty., Baltimore, Md., for defendant Stephen O'Hearne.

R. DORSEY WATKINS, District Judge.

This proceeding originated through the filing of a "Bill of Complaint for Review of a Workmen's Compensation Order." A brief review of antecedent proceedings is necessary for an understanding of the origin and nature of the case presented.

On February 2, 1955, Nicholas P. Beiser, an employee of The Bethlehem Steel Company (employer and self-insurer) sustained a fatal injury arising out of and in the course of his employment by the employer. Beiser's daughter, Barbara B. Myers, was the mother of Howard Paul Myers, born February 15, 1953. Barbara's husband deserted her and their infant son on March 26, 1954, and failed to support them. They resided with the employee until the date of his death.

A claim on behalf of the infant as a partial dependent of the employee was rejected by the Deputy Commissioner of the Fourth Compensation District, and a Bill of Complaint to review this order was filed in this court. After a hearing, this court ruled that the Deputy Commissioner had misconstrued the law in holding that in order for the minor grandchild to be classed as a dependent of the employee such grandchild must have been so dependent for one year prior to the injury and death of the employee. The case was accordingly remanded to the Deputy Commissioner to make determination and findings as to whether or not, at the time of the injury and death of the employee, the grandchild was partially dependent upon him. Upon the record and without further evidence, the Deputy Commissioner found that the infant was not partially dependent upon the employee at the time of his injury and death.

On review of this order of the Deputy Commissioner rejecting the claim on behalf of the infant, this court (and this judge) affirmed the findings and order of the Deputy Commissioner. An appeal was taken, on which the judgment of this court was reversed, and the infant was determined to have been partially dependent upon the decedent. Myers v. Bethlehem Steel Company, 4 Cir., 1957, 250 F.2d 615.

In accordance with the mandate of the Court of Appeals, the case was remanded to the Deputy Commissioner with directions that he award compensation to the infant. Thereupon the Deputy Commissioner passed an award on March 25, 1958, directing payment by the employer to the infant of the weekly sum of $7.88 until the infant attained the age of eighteen years.

The infant's attorneys had admittedly performed "arduous services on behalf of" the infant "over a long period of time in this case, from its inception to its successful conclusion." They asked for a fee of $3,000. The Deputy Commissioner allowed a fee of $2,500 [1], and directed that $800 be paid out of the $1,290.07 that had accrued, the balance

---

1. Attorneys for the employer do not question the reasonableness of this allowance, stating that the award to the infant was "created" by the successful efforts of the attorneys for the infant.

With no invidious implications, but in recognition of the difficulty of making bricks without straw (Exodus 1:14; 5:7–18), this court and judge joins in the tribute.

to be paid by deducting $4 per week from subsequent payments. Thereafter one of the attorneys for the minor advised the Deputy Commissioner that the guardian (mother) of the infant was willing to pay to the attorneys the balance of such accrual. The Deputy Commissioner expressed no objection to this payment, which was made. At the same time, this attorney told the Deputy Commissioner that the guardian of the minor was willing to make an application for a lump sum payment of the balance of the attorneys' fee.[2] The Deputy Commissioner expressed doubt if such application would be approved by the Bureau of Employees' Compensation, but told the attorney that the guardian had a right to make such application, under Title 33 U.S.C.A. § 914(j).

Thereafter an application for a lump sum award was filed. The only "Statement of facts" in support of this application was that: "I desire to pay my attorneys the balance of the fee awarded them instead of having them receive it in $4 weekly installments. My attorneys are satisfied to pay the cost of the commutation."

The Deputy Commissioner reported these developments to the Deputy Director with the notation that in his opinion the application "does not show why it would be in the interest of justice as required by the Act * * *" After referring to his (and this court's) reversal, he continued: "I think the fact that the mother is willing to pay all the accrued compensation, plus a lump sum, to the attorneys is at least evidence, if not proof, that there was no dependency upon the grandfather at the time of death." He also asked whether or not the balance of attorneys' fees of approximately $1,200, if approved, would "have to come off this end of the award rather than the terminal end, or whether it could be spread over the life of the award."

The Deputy Commissioner at the same time advised chief counsel for the minor that in the Deputy Commissioner's opinion the application made no showing that the lump sum payment would be "in the interest of justice * * * In this particular case, where the compensation awarded, is for the mainteance [sic] and care of an infant, it is doubtful that I can give any persuasive reasons to the Bureau of approval of the lump sum, and I certainly cannot do so without you showing where it will be in the interest of justice to do so."

The Deputy Commissioner also indicated his belief that if the lump sum payment were approved, "it will have to be taken from this end of the award." Counsel replied that "it is in the interest of justice" to approve the "application for a partial lump sum to pay her attorneys for the extensive services rendered by them"; and that the lump sum could "be paid from the tail end of the award." Counsel also requested "the submission of the application to Washington for its formal action on the application."

The file was sent to the Deputy Director, together with the employer's formal objection to any lump sum payment.[3] The Deputy Commissioner stated that he did not "believe that such payment is in the interest of justice as such interest applies to the beneficiary of the award." He asked for advice as to whether, if the application were approved, the lump sum "would have to come off this end of the award rather than the terminal end, or whether it could be spread over the life of the award."

The Bureau on June 12, 1958, notified the Deputy Commissioner that the Bureau disapproved the application for a partial lump sum payment, saying:

"The Bureau has reached the decision that approval of the proposed

---

2. Certain perfectly proper interests of associate counsel were involved.

3. No reasons were given. At the hearing in court, the attorney for the employer stated that the employer's general policy was to object to lump sum payments in any case; and that the employer was "not interested in counsel for employees, but in the employees or their beneficiaries."

settlement is not for the best interests of the beneficiary."

The Deputy Commissioner by letter dated June 18, 1958 notified the parties of this decision. On June 19, 1958, chief counsel for the infant wrote the Deputy Commissioner asking that a "formal order * * * be passed rejecting the application so that we may file an appeal." On June 20, 1958, the Deputy Commissioner replied that:

"There is no provision in the Act or the Regulations for the filing of a compensation order rejecting an application for a lump sum payment."[4]

The present proceedings were filed on June 26, 1958, "to review an order dated June 18, 1958" of the Deputy Commissioner on the grounds that there is no substantial evidence to support the ruling of the Commissioner, and that it is not in accordance with the law.

The complaint alleges:

"5) That it would be in the interest of justice that the balance of the fee due to the Complainant's attorneys be awarded to them in a lump sum;

"(a) So that the Complainant, the infant grandchild, would have the benefit of the full $7.88 awarded to him for his maintenance and support, instead of receiving a net amount of $3.88 for the next five years or more, if the balance due the Complainant's attorneys is continued to be paid at the rate of $4.00 per week; and

"(b) So that the Complainant's attorneys would be paid their fee with propriety and dignity."

The complaint concludes with the averment that "the ruling of the Deputy Commissioner and the Commission [Bureau] is not 'in the interest of justice', and not in accordance with the law." The relief prayed is a review of the "ruling" and a determination that "an Order be passed by the Deputy Commissioner granting the application of the Complainant for a partial lump sum payment of $1200.00."

The employer answered, averring that there was substantial evidence to support the ruling of the Commissioner and that it was in accordance with law. On behalf of the Deputy Commissioner a motion to dismiss was filed on the grounds that:

"1. That it appears from the records of the defendant Deputy Commissioner that there is substantial evidence to support the findings set forth in his order of March 25, 1958 (and his ruling of June 18, 1958) and that said order (and ruling) is in accordance with law.[5]

"2. That the complaint fails to state a claim against the defendant upon which relief can be granted."

■■ The court has grave doubt as to its authority to review the ruling in question. The court has no general equity powers with reference to the direction or control of actions under the Longshoremen's Act (Associated Indemnity Corp. v. Marshall, 9 Cir., 1934, 71 F.2d 235); and Section 921 of Title 33 of the U.S.C.A. contains the only statutory provisions for judicial review. Section 921(b) limits such review to a "compensation order." Section 919(e) defines a compensation order as an order "rejecting the claim or making the award." The compensation order in this case was passed on March 25, 1958. No appeal having been taken within 30 days, that award has, under Section 921(a), become final. The disapproval of a lump

4. The file shows that the Deputy Commissioner expressed to the Deputy Director complete willingness to file an order rejecting the application, if the Solicitor's office approved. The absence of such order indicates agreement with the Deputy Commissioner's opinion that there was no provision in the Act or in the Regulations for a compensation order rejecting an application for a lump sum payment.

5. The parenthetical language was added in open court on the hearing of the case.

sum application would not appear to be either an award of compensation or the rejection of a claim.

■ Nor would Complainant's position be assisted by the adoption of the argument made at the trial that the Commissioner's "ruling" of June 18, 1958, was a refusal to change the original compensation order of March 25, 1958[6] and that this case is an appeal from such refusal. But Section 922 requires that in such case the Deputy Commissioner shall "issue a new compensation order which may terminate, *continue*, reinstate, increase, or decrease such compensation * * *"; and such review and order can be made only "on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner." Here, no "new compensation order" has been issued; and there is not even an allegation, let alone any evidence, of a change in conditions or a mistake in the determination of fact by the Deputy Commissioner in the original compensation order.

Moreover, the disapproval of the application for a lump sum settlement was not the unilateral action of the Deputy Commissioner. Section 914(j) requires favorable determination by the Deputy Commissioner and the "approval of the Secretary" (of Labor). Here, the Bureau disapproved. Even if such action were reviewable, jurisdiction over the Secretary might well be necessary; and in any event the review would be limited to the determination if there were a flagrant abuse of discretion.

■ Even if the disapproval of the application for a lump sum payment were reviewable in this proceeding,[7] and there were no question as to the absence of a necessary party, the court would not be justified in setting aside the disapproval. The statutory basis for approval —that the payment of the lump sum "is in the interest of justice"—obviously calls for the exercise of discretion. While it would probably be convenient to the attorneys to receive their fee in full at this time, no showing whatever has been made that this would be to the interest of the infant. The Deputy Commissioner and/or the Secretary of Labor may well have felt that the existing provision for deductions at the rate of $4 per week, while the infant is very young and his mother is working, leaving the full award available when the minor reaches high school age, was the best possible arrangement. The court would be inclined to agree with the "justice" of such conclusion. But it is not necessary that the court agree with the conclusion. To reverse, there must be a showing that no reasonable and conscientious person could have reached the conclusion under attack. There is nothing remotely resembling such a situation here. Accordingly, as there is nothing to show that the disapproval of the application was contrary to law or an abuse of discretion, the "Bill of Complaint for Review" must be dismissed, with costs. It is so ordered.

---

6. This order also fixed the amount and manner of payment of the attorneys' fee.

7. See Pyrites Co. v. Davison Chemical Co., D.C.Md.1933, 4 F.Supp. 294, 296–297, 298, affirmed Hockley v. Wilson, 4 Cir., 1934, 70 F.2d 108; Hillman v. O'Hearne, D.C.Md.1955, 129 F.Supp. 217, 218, 219; Gunther v. United States Employees' Compensation Commission, 9 Cir., 1930, 41 F.2d 151, 154; and see also 33 U.S.C.A. § 928(a).