**Willie McCORMICK ex rel. KIERR & GAINSBURGH and Eldon E. Fallon**

v.

**P. J. DONOVAN.**

Civ. A. No. 14920.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 25, 1965.

Kierr & Gainsburgh, Samuel C. Gainsburgh, Eldon E. Fallon, New Orleans, La., for plaintiffs.

L. Howard McCurdy, Jr., Asst. U. S. Atty., Eastern Dist. of Louisiana, New Orleans, La., for defendant.

AINSWORTH, District Judge.

This matter comes before us on petition of Kierr & Gainsburgh and Eldon E. Fallon, attorneys, to review that portion of a compensation order entered by respondent which purports to fix their fee in the sum of $750.

These proceedings were brought pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., particularly Section 921 thereof, providing for review of compensation orders, and the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., particularly Section 1009 thereof, relating to review of an agency action.

The evidence adduced before respondent shows that this case involved a longshoreman who sustained an injury which rendered him temporarily totally disabled from October 13, 1962 to May 13, 1964 (date of hearing) and that the disability was continuing for an indefinite period; that the attorneys secured the services of experienced physicians whose findings were indispensable to the ultimate award

in favor of claimant; that counsel for claimant spent from 30 to 50 hours' time in the preparation and presentation of the case and ultimately were successful in obtaining an award for the period from October 13, 1962 to May 13, 1964, inclusive, 62⅞ weeks, at the rate of $70 per week, in the sum of $5,790, to be paid forthwith, and beginning May 14, 1964 to continue at the rate of $70 per week, payable in biweekly installments subject to the limitations of the Act, or until further order of the Deputy Commissioner. Counsel for claimant believe that claimant will continue to receive payments for life because they aver that he is permanently totally disabled, and he continues being paid at the present time.

We find that the fee fixed by respondent is inadequate, intolerably low, and indicates improper exercise of discretion; that under the circumstances a fee of $1,500 payable now out of the sums heretofore received for past due compensation, plus an additional maximum fee of $1,500 at the rate of $10 per week out of future compensation payments to claimant, is fair and proper.

The fee we have fixed is moderate and somewhat lower than would be charged for similar services to regular clients asserting personal injury or compensation claims. Significantly, in Louisiana where this accident occurred, the Louisiana Workmen's Compensation Act provides for attorney's fee of 20% on the first $5,000 and 10% on the remainder of the recovery. The fee we are establishing here is lower than that percentage. We realize that we should keep awards of attorney's fees within reasonable limitations, and we do so here for our primary concern is the welfare of the injured employee. In providing for such moderate fees, however, we are mindful that claimants cannot secure the services of able and experienced counsel if the attorney's fee to be paid is not somewhat commensurate with the services performed. In the instant case, the claimant has voluntarily agreed to pay a larger sum, namely, the sum of $4,500.

Under all the circumstances, considering the extensive preparation by counsel for the presentation of this claim, including numerous interviews, medical and legal research, taking of statements from witnesses, and the excellent presentation of a difficult and controverted claim with favorable results to claimant, we believe that the fee we have set is reasonable.

The case is, therefore, remanded to respondent with directions to amend his award in accordance with the terms of this order.

The motion of complainants for summary judgment is granted.