**LINNELL, CHOATE & WEBBER,**
**Petitioners,**

v.

**C. L. HEYDE, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, Respondent.**

**Civ. No. 12–39.**

United States District Court,
D. Maine, S. D.

Aug. 13, 1971.

G. Curtis Webber, Auburn, Me., for petitioners.

Peter Mills, U. S. Atty., Portland, Me., for respondent.

### OPINION AND ORDER
### OF THE COURT

GIGNOUX, District Judge.

This is a petition for review of an award of attorneys' fees made by respondent in a compensation order awarding benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The matter is before the Court on cross-motions for summary judgment, with supporting affidavits.

Petitioners, a law firm in Auburn, Maine, representing the widow of a deceased Bath Iron Works pipecoverer, filed a claim on November 6, 1969 on her behalf for death benefits under the Act. The claim alleged that the cause of death, mesothelioma, which is a rare malignant tumor of the intestinal cavity, was causally connected to the decedent's exposure to asbestos fibers while working at Bath's shipyard. On September 18, 1970 respondent filed his compensation

order, in which he found that the death was caused by decedent's working conditions and awarded the widow $36.75 per week, the maximum widow's death benefit under the Act, for the remainder of her life, as well as a lump sum amount for retroactive payments, interest, and reimbursement of funeral and medical expenses, totaling $8,000.93. Petitioners were awarded attorneys' fees in the amount of $950.00, which amount included reimbursement of $300.00 disbursements. Understandably unhappy, petitioners filed a motion to modify the award for attorneys' fees, supported by an itemized statement of time expended and out-of-pocket expenses, and on November 18, 1970, respondent modified his order to increase the award to $1,450.00, which included disbursements by petitioners of $669.33, producing a net fee of $780.67. Petitioners instituted this action on December 3, 1970, alleging that respondent's award was so inadequate as to be arbitrary, capricious and an abuse of discretion.

■ As respondent concedes, this Court has jurisdiction to review respondent's award under Section 21(b) of the Act, 33 U.S.C. § 921(b), as well as under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Di Costanzo v. Willard, 165 F.Supp. 533 (E.D.N.Y.1958); McCormick ex rel. Kierr & Gainsburgh v. Donovan, 247 F.Supp. 175 (E.D.La. 1965); Hillman v. O'Hearne, 129 F. Supp. 217 (D.Md.1955). In exercising its power of review, however, the Court may set aside respondent's determination only if it is "not in accordance with law," 33 U.S.C. § 921(b) and in order to show that the award is not in accordance with law, the burden is upon petitioners to demonstrate that it was "arbitrary, capricious or an abuse of discretion." Di

Costanzo v. Willard, *supra*, 165 F.Supp. at 539; McCormick ex rel. Kierr & Gainsburgh v. Donovan, *supra*, 247 F. Supp. at 176. *See* 5 U.S.C. § 706. In the instant case, it is clear that petitioners have sustained this burden.

Section 28(a) of the Act, 33 U.S.C. § 928(a), provides for the determination of attorneys' fees by the deputy commissioner, and Section 31.21(b) of the regulations promulgated thereunder establishes the standards by which he is to make that determination:

> \* \* \* Except where the claimant has been advised that such representation will be rendered gratuitously, the fee approved by the deputy commissioner shall be reasonably commensurate with the actual necessary work performed by such representative, taking into account the capacity in which the representative has appeared, the amount of compensation involved and the circumstances of the claimant. 20 C.F.R. 31.21(b).

Similar considerations were identified in Hillman v. O'Hearne, *supra,* where the court stated that in fixing compensation case fees, "the extent and character of the legal work, the amount involved, the intricacy and novelty of the issues, and the results obtained must all be considered." 129 F.Supp. at 218. It is apparent that respondent failed to give adequate consideration to any of these factors in his fee award in this case.

■ The evidence adduced before respondent shows that the attorneys working on the case had over ten years' experience practicing law and devoted in excess of 48 hours over a period of three years to the preparation and presentation of the claim.[1] Developing proof of

1. In support of their motion for summary judgment, petitioners presented an itemized statement showing that they had spent 98 hours of partners' time on the case and had out-of-pocket costs of $694.-53. This Court's review, however, is limited to the record presented to respondent. *See* 20 C.F.R. § 31.21(b) ("no fee for services shall be approved except upon

an application to the deputy commissioner supported by a sufficient statement of the extent and character of the necessary work done on behalf of the claimant.") The affidavit and time sheet presented to respondent showed only 48 hours of specified work plus unspecified time spent on miscellaneous matters, and disbursements amounting to only $675.93.

the cause and effect relationship between the decedent's work with asbestos products and his mesothelioma required a great deal of time and effort in a highly technical and unfamiliar field. The issues were novel and complex, and there is no question but that the amount of time expended was "actual necessary work" required to prepare and present claimant's case.[2] Both the Androscoggin County Bar Association and the Maine State Bar Association fee schedules fix a minimum hourly time charge of $35.00 per hour for attorneys with over ten years experience. Applying even this minimum rate to the 48 specified hours of work devoted to this case produces a fee of $1,680.00, a fee which itself is hardly commensurate with the intricacy and novelty of the issues and the extent and character of the legal work involved. It is evident that respondent's absurdly low award was not fixed by reference to these considerations.

It is also apparent that respondent failed to consider the result obtained for the claimant. In this case she received $8,000.93 immediately and $36.75 per week for the rest of her life. Based on her life expectancy of 30.5 years at the time of the hearing, she will receive a total of $58,285.50 if she lives her full expectancy. The value of her weekly payments, discounted to current value at four per cent, as required by 33 U.S.C. § 914(j), is $31,842.99. Clearly, the net fee is not commensurate with the amount of compensation involved and the result obtained by petitioners. Even taking into consideration the circumstances of the claimant, as required by the regulation, respondent's award was wholly inadequate. Although claimant is a paraplegic, she is employed at the Bath Memorial Hospital as a medical records librarian, has no dependent children, is self-supporting and owns her own home. So far as the record discloses, she is willing to pay, and no reason appears why she cannot pay, without undue hardship, from the cash sum she has received, a fee to petitioners which will represent fair and just compensation for their services in her behalf.

■ Under all the circumstances revealed by the record in this case, the Court finds that respondent's award of legal fees to petitioners was arbitrary, capricious, an abuse of discretion, and therefore not in accordance with law. The Court further finds that the minimum amount which will reasonably compensate petitioners for the actual necessary work performed by them in this case is $2,500.00 to which should be added their out-of-pocket disbursements of $675.93. In so finding, the Court is aware that awards of attorneys' fees in compensation cases should be kept within reasonable limits, as the principal concern must be the welfare of the claimant. The Court also realizes, however, that claimants will be unable to obtain the services of competent counsel unless the attorneys' fees to be paid are reasonably compensatory of the services rendered. *See McCormick ex rel. Kierr & Gainsburgh v. Donovan, supra,* 247 F. Supp. at 176; *Hillman v. O'Hearne, supra,* 129 F.Supp. at 218.

Petitioners' motion for summary judgment is granted. Respondent's motion for summary judgment is denied. Judgment will be entered setting aside the amended compensation order insofar as it awarded a gross fee of $1,450.00 to petitioners and directing respondent to amend his award in accordance with the terms of this order.

It is so ordered.

2. Respondent argues that much of petitioner's work was not necessary because Bath did not contest the issue of causation at the hearing. This was not evident until the hearing, however, and it was unquestionably necessary that petitioners prepare the case in the manner they did.